WILSON, SHERIFF, *v.* LASURE.

(Decided April 12, 1930.)

*Messrs. Pyle & McGonagle,* for plaintiff in error.
*Messrs. Tague & Tague,* for defendant in error.

SHERICK, J. This is an error proceeding to reverse the judgment of the court of common pleas of Perry county, rendered in a *habeas corpus* proceeding, instituted therein by Delphos Lasure, the defendant in error herein.

On June 3, 1927, Lasure was tried upon the affidavit of his wife in the probate court of Muskingum county for nonsupport of his minor child from February 1, 1927, to April 11, 1927, contrary to Section 1655 of the General Code. A plea of not guilty was interposed, and the matter was submitted to a jury, who returned a general verdict of not guilty as charged.

The transcript of this proceeding is very meager, and was admitted in evidence in this case for the purpose of questioning the jurisdiction of the probate court of Perry county in a similar subsequent charge against Lasure in that court. The probate judge hearing that case, and the attorneys of record therein, were permitted to testify in this case that Lasure's sole defense to that charge was a denial of the child's paternity. There was also introduced in

that case, and in this action, a certificate of the state department of vital statistics showing that the child was illegitimate, and that another, named therein, was its father. The introduction of the oral testimony and this certificate was strenuously objected to.

The residence of the wife and child having shifted to Perry county, the wife filed a similar affidavit under the same section in the probate court of Perry county, on the 3d day of October, 1929, against Lasure, charging him with nonsupport of his minor child from the 1st day of November, 1926, to the 2d day of October, 1929. A plea of not guilty was entered, and thereafter, on November 21, 1929, trial was had without the intervention of a jury, such being not demanded by Lasure, and the court found him guilty as charged.

The record in this proceeding is very short. It discloses that no plea in bar was made, and that no record of the testimony was taken. Nor does it show that Lasure was represented by counsel. The judgment of the probate court was that he should pay a fine and certain sums for the support of the child thereafter, and that he should give a bond for so doing, and in default thereof that he be committed to the county jail. Being in default he was placed in the custody of the sheriff.

A motion for a new trial was made in due time, was argued by counsel, and overruled by the court. The motion charged that the court was without jurisdiction of the person or subject-matter, that Lasure had been previously acquitted of the same offense in Muskingum county, and that he had not had a fair

trial. No error proceeding was prosecuted from this judgment.

Thereupon, this proceeding was promptly commenced in the court of common pleas, and upon hearing that court ordered the defendant in error herein discharged from custody.

It is first complained of that the trial court erred in the admission of the oral testimony previously noted, as offered in this case, and in support thereof our attention is called to the case of *Lillibridge* v. *Ohio, ex rel. Stewart,* 7 C. C. (N. S.), 452, 18 C. D., 481, decided by this court in 1905, wherein it was announced that:

"There is no question that evidence may be heard *de hors* the record to show the jurisdiction of the court undertaking to make the commitment, but when that jurisdiction is once established—when it appears that the court was clothed with jurisdiction —then the record of that court must determine what was done. It is not possible to determine by evidence *aliunde* what was done in a court of record for the purpose of review in another court * * *. It was perfectly proper to introduce not only the writ of commitment, the mittimus, but it was also proper to introduce the record of the court below; and if that established jurisdiction in the tribunal trying that cause, it was not proper to introduce other evidence to show what the record ought to have contained. The record speaks for itself and imports absolute verity until it is corrected in a proper proceeding for that purpose."

We have no doubt but that the principle announced in that case is sound law. However, it will be noted

that the rule is dependent upon the establishment of jurisdiction, and that we believe to be the all controlling question in the matter now before this court. And, the view hereinafter to be arrived at makes it unnecessary to determine the question whether or not the admission of this evidence and the certificate was error prejudicial or otherwise to the rights of the plaintiff in error. And the provisions of Section 12165 of the Code cannot be invoked to procure a reversal of the judgment entered.

It is likewise urged that the trial court erred in the matter of its determination in the affirmative of the question whether or not the offense charged in the respective affidavits was one and the same offense. In so finding we are of opinion that the court erred, for we believe it to be settled in this state by the case of *Norman* v. *State,* 109 Ohio St., 213, 142 N. E., 234, that a conviction for failure to provide for a minor child between two specific dates, as in this case, does not bar another action for failure to provide between two entirely different dates.

It is said in *State* v. *Rose,* 89 Ohio St., 383, 387, 106 N. E., 50, 51 L. R. A., 1915A, 256, and adhered to in *Duvall* v. *State,* 111 Ohio St., 657, 146 N. E., 90:

"It is not enough that some single element of the offense charged may have a single element of some other offense as to which the defendant had theretofore been in jeopardy, but the constitutional provision requires that it shall be the 'same offense.' The usual test accepted by the text-writers on criminal law and procedure is this: If the defendant upon the first charge could have been convicted of the offense in the second, then he has been in jeopardy."

The fact that Lasure was acquitted in the Muskingum county probate court should call for no modification of the rules of law announced in the three cases last cited. It must be remembered that the prosecution first determined in the Muskingum county court was not a criminal action, wherein the only issue involved was that of paternity; and the record in that court, unless explained by oral testimony, shows only a general verdict of not guilty, which the jury in that proceeding might have arrived at upon a failure of proof of any one or more of the other essential elements of the offense for which Lasure was then being tried. But, to our notion, it must again be held that this understanding of the law cannot require a reversal of this cause.

We come now to what we believe to be the real and controlling issue in this case. It is charged that the trial court erred in its finding that the probate court of Perry county had no jurisdiction of the person or subject-matter by reason of the fact that the prosecution was conducted upon affidavit when its jurisdiction should have been invoked and the defendant in error tried upon an information.

It is beyond question that Section 1655 is a part of the Juvenile Court Act, and that the offense therein prescribed is a misdemeanor; and that by virtue of Section 1639 of that act the probate courts of Muskingum and Perry counties now have and exercise the powers and jurisdiction conferred in and by the act.

In considering the jurisdiction of probate courts in misdemeanor cases the Supreme Court of this state has said in *Rogers* v. *State,* 87 Ohio St., 308, 101 N. E., 143:

"The probate court is limited to such jurisdiction as the legislature has defined by statute. In criminal cases it is given jurisdiction in misdemeanors concurrent with the court of common pleas.

"That limited jurisdiction applies not only to the subject-matter but likewise to the procedure prescribed by statute.

"The general statute defining the procedure for misdemeanors prosecuted in the probate court, is Section 13441, General Code, which reads: 'An indictment is not required in cases in which the probate court has criminal jurisdiction. *The prosecuting attorney shall forthwith file an information in such court* setting forth briefly in plain and ordinary language the charges against the accused and *he shall be tried thereon.*' * * *

"If a criminal prosecution be commenced in the common pleas court, we would all understand it would have to proceed by the general method of indictment by a grand jury, unless it were otherwise specially provided; and, if there were to be a like prosecution begun in the probate court, we would understand that it would have to proceed by information of the prosecuting attorney, unless it were otherwise specially provided."

In order, therefore, that any criminal case can be tried in the probate court, except in accordance with the provisions of Section 13441, General Code, there must be some further statute found prescribing a different form of procedure therefor. We find in the Juvenile Court Act three statutes having to do with the jurisdiction of and procedure in probate courts in juvenile court matters. Section 1642 reads as follows:

"Such courts of common pleas, probate courts, insolvency courts and superior courts within the provisions of this chapter shall have jurisdiction over and with respect to delinquent, neglected and dependent minors, under the age of eighteen years, not inmates of a state institution, or any institution incorporated under the laws of the state for the care and correction of delinquent neglected and dependent children, and their parents, guardians, or any person, persons, corporation or agent of a corporation, responsible for, or guilty of causing encouraging, aiding, abetting or contributing toward the delinquency, neglect or dependency of such minor, and such courts shall have jurisdiction to hear and determine any charge or prosecution against any person, persons, corporations, or their agents, for the commission of any misdemeanor involving the care, protection, education or comfort of any such minor under the age of eighteen years."

This section of the act expressly confers jurisdiction on the juvenile court as to all matters therein contained, but it is clear that this section does not prescribe a different form of procedure from that provided in Section 13441. The next statute to be noted is Section 1683-1, which provides:

"The judge designated to transact the business arising under the jurisdiction conferred in this chapter shall have jurisdiction of all misdemeanors against minors, and of offenses prescribed in Sections 928, 6344, 6345, 6373, 12664, 12666, 12787, 13031, 13035, and 13038. In all such cases any person may file with the clerk of the judge exercising the jurisdiction an affidavit, setting forth briefly, in plain and

ordinary language, the charges against the accused, and he shall be tried thereon, and in such prosecutions an indictment by the grand jury or information by the prosecuting attorney shall not be required. The judge shall forthwith issue his warrant for the arrest of the accused, who, when arrested, shall be taken before said judge, and tried according to the provisions of this chapter, and, if found guilty, shall be punished in the manner provided for by law.''

This section not only confers jurisdiction upon juvenile courts in certain cases, but goes further and prescribes that in such cases an information is not required, and that the court shall have jurisdiction to hear such matters on affidavit only. This court recognizes that as provided in Section 1683 of the Juvenile Act, the act is to be liberally construed, but we are not unmindful of the further remark of the court in *Rogers* v. *State, supra,* that ''It is elementary, in construing statutes defining crimes and criminal procedure, that they must be strictly construed —reasonably, of course, but still strictly.''

It is apparent from a close examination of Section 1683-1 that the juvenile court is limited to prosecution on affidavit of all misdemeanors against minors and of certain offenses prescribed therein against adults.

This court holds the view that it was the intention of the Legislature in the enactment of this provision that the juvenile court might inquire into any charge lodged with it against a minor without the formality of causing an information to be filed against him in order that the minor's correction might be quietly effected, the public not informed of his misconduct,

and the child not be made the subject of public ridicule. It was a wise provision in accordance with the recent and more sensible theory that it is best in the case of the young and erring minor rather to correct without public display than to punish openly and be led thereby into a life of crime.

Examination of the statutes enumerated in Section 1683-1 shows that all save one thereof pertain to protecting the health and morals of a minor, and are directed against offenses against adults; we believe that in a construction of this statute the maxim, *"Expressio unius est exclusio alterius,"* may be rightfully applied, and that it was not intended by the Legislature to confer power upon juvenile courts to try upon affidavit alone an adult charged under Section 1655 with the nonsupport of his child, and that in such cases, as to procedure, an information is indispensable.

It is advanced by the plaintiff in error that Section 1647, General Code, aids his claim; but with this we cannot agree. We find that this section but supports our view and interpretation of Section 1683-1. And to adopt the view advanced by the plaintiff in error that offenses against a minor mean any act done to a minor by an adult is to write that in the statute which is not there, and that this court is not inclined to do.

Our attention has been called to numerous cases wherein adults were prosecuted for contributing to the delinquency of a minor, or for nonsupport under Sections 1654 and 1655, but in none of these cases does it appear that the question now squarely before this court was presented. We would call attention

to the fact that it appears in the case of *State* v. *Rose,* 89 Ohio St., 383, 106 N. E., 50, L. R. A., 1915A, 256, which was a prosecution for rape, in which a defense of former jeopardy was made, the defendant having been previously prosecuted under Section 1654 for contributing to the delinquency of the minor, wherein it appeared that an affidavit had been filed against the defendant in the probate court on the delinquency charge, but we note that such was supplemented by an information upon which the defendant therein was tried. This we believe to be the proper procedure, which should have been followed in this case.

It is charged that the court erred in its finding that Lasure did not have a fair trial. This court is unable to pass upon that question for the reason that the record is silent with reference thereto. The parties must, therefore, be content with the assertion that if the proceedings were erroneous or irregular, relief therefrom should have been sought by error proceedings and not by *habeas corpus.* For it is true that *habeas corpus* proceedings cannot be made a substitute for an action in error, but the rule does not apply where it is shown that the committing court was without jurisdiction.

It is therefore the conclusion of this court that the record of the probate court of Perry county, as introduced in this proceeding, shows upon its face that that court was without jurisdiction to try and convict the defendant in error of the offense charged in and by the affidavit. And it must follow that if the probate court of Perry county did not have jurisdiction by reason thereof in the instant case, the pro-

bate court of Muskingum county did not have jurisdiction over the defendant in error in that court. In order that the defense of twice in jeopardy may be successfully asserted, the former prosecution must have been had on a valid indictment, information, or affidavit. For, before one can be twice in jeopardy, and in position to assert the defense of *autrefois acquit*, there must not only be a sufficient legal charge, and a sufficient jurisdiction to try the charge, but the same offense must have been charged in both prosecutions.

The judgment will therefore be affirmed.

*Judgment affirmed.*

LEMERT, P. J., and ROBERTS, J. (of the Seventh Appellate District), concur.