**PLATER, Plaintiff-Appellant, v. JEFFERSON, a. k. a. ERNSTINE PLATER, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23722.   Decided July 18, 1956.

Woodle & Wachtel, for plaintiff-appellant.
Harry Jaffe, H. P. Fetterman, for defendant-appellee.

(STEVENS, PJ, HUNSICKER and DOYLE, JJ., of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By STEVENS, PJ.:

The amended petition filed below alleged:

That, while this defendant was a party to a meretricious relationship with plaintiff, and while she was pregnant with a child conceived as the result of said relationship, she caused to be filed against Albert Hunt a petition for divorce; that thereafter, a divorce was granted to her from Albert Hunt; that the procuring of the divorce from Hunt was a part of a scheme whereby she later claimed to be the common law wife of this plaintiff, sued this plaintiff for divorce and alimony, and procured a substantial alimony award; that the procuring of a divorce from Hunt was a condition precedent to asserting a common law marriage to this plaintiff; and that, in the obtaining of the divorce from Hunt, a fraud was perpetrated upon the court and upon this plaintiff, who was not a party to said action.

Plaintiff prayed that the divorce decree from Hunt be vacated, and that defendant be restrained from enforcing the order obtained against this plaintiff in the divorce and alimony case of Plater v. Plater, No. 644,050.

A motion to strike the amended petition was filed by defendant, which the court treated as a demurrer and sustained. An order of dismissal of the action was then entered.

Appeal on questions of law ensued.

It must be conceded that the judgments attacked in this proceeding are regular on their face, and each appears to have been entered by a court having jurisdiction of the subject matter of the action and of the parties; and said judgments are, upon their face, valid and subsisting judgments, wholly unmodified and unreversed.

In 49 C. J. S., Judgments, Sec. 401, the rule concerning collateral attack upon judgments is stated, as follows:

"A judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment, in respect of its validity, verity, or binding effect, by parties or privies, in any collateral action or proceeding * * *. Even if the judgment is voidable, that is, so irregular or defective that it would be set aside or annulled on a proper direct application for that purpose, it is well settled as a general rule that it is not subject to collateral impeachment as long as it stands unreversed and in force."

"Collateral Attack" on a judgment is defined in 49 C. J. S., Ibid., Sec. 408 thus:

"A collateral attack is an attempt to avoid, defeat, or evade a judgment, or to deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it."

The attack made upon the judgments here under consideration is a collateral attack within the purview of the above definition. The attack made by plaintiff upon the judgment in the case of Hunt v. Hunt, No. 604,029, to which case plaintiff was not a party or a privy, is an attack by a stranger to the judgment.

What strangers may impeach a judgment in a collateral proceeding? Freeman on Judgment (Fifth Ed.), Sec. 319, answers that question in the following manner.

"* * * It is only those strangers who, if the judgment were given full credit and effect, would be prejudiced in regard to some pre-existing right, that are permitted to impeach the judgment. Being neither parties to the action, nor entitled to manage the cause nor appeal from the judgment, they are by law allowed to impeach it whenever it is attempted to be enforced against them so as to effect rights or interests **acquired prior to its rendition.** * * *" (Emphasis ours.)

See also, 49 C. J. S., Judgments, Sec. 414.

There are no allegations contained in the petition in the instant case which aver that rights acquired by plaintiff, prior to the rendition of the judgment in the Hunt case, will be prejudiced by the enforcement of that judgment.

Inasmuch as the vacation of the judgment in the Hunt case is the foundation for all of the relief sought herein by plaintiff, and inasmuch as plaintiff has not, by his pleading, brought himself within that class of strangers who may properly collaterally attack a judgment, the trial court did not err when it sustained a demurrer to plaintiff's amended petition and dismissed plaintiff's action.

The judgment will be affirmed.

HUNSICKER and DOYLE, JJ, concur.