THE STATE, EX REL. SHONK, *v.* CRIST, SUPT.

(No. 1206—Decided April 27, 1961.)

*Messrs. Rodgers, Rodgers & Waltz,* for petitioner.
*Mr. Mark McElroy,* attorney general, for respondent.

GUERNSEY, P. J. This is an action in habeas corpus, originating in this court, instituted for and on behalf of Ralph E. Shonk by his attorney. At the inception of the hearing, upon motion, it was ordered that the petition be amended to show that notwithstanding the form of the caption the action is being prosecuted by and on behalf of Ralph E. Shonk and not on the relation of the state of Ohio.

In the return filed to the writ of habeas corpus by the acting Superintendent, Lima State Hospital, it appeared that Shonk's detention at the Lima State Hospital was based on a judgment of commitment of the Court of Common Pleas, Division of Domestic Relations, Juvenile Department, Stark County, Ohio, entered on July 10, 1959, in the case of *State of Ohio* v. *Ralph E. Shonk,* which judgment recited and provided:

"This day came the defendant, Ralph E. Shonk, into open court, in the custody of the sheriff, having heretofore entered a plea of guilty of the crime of acting in a way tending to cause delinquency in a minor child (Rev. Code Secs. 2151, 41, 43, 99) as charged in the affidavit, and having been heretofore committed to the Lima State Hospital for examination pursuant to the provisions of the R. C. Section 2947.25, having been brought to the attention of the court that an examination was had of this defendant at the Lima State Hospital, and wherein findings having been made and report of the same having been returned to this court and filed and made a permanent part of the record of this case, and the defendant in open court, informed the court that he did not wish to contest the findings and recommendations therein contained, acknowledged that he has been properly served with a certified copy of said report, and the prosecuting attorney having likewise informed the court that the state of Ohio did not wish to contest the findings and recommendations, the court proceeded to inquire into the evidence concerning the mental condition of the defendant, and the court, after hearing, being fully advised in the premises, finds that the defendant, Ralph E. Shonk, is a psychopathic offender.

"Whereupon the prosecuting attorney moved that sentence

be pronounced against the defendant. Whereupon the court was duly informed in the premises on the part of the state of Ohio, by the prosecuting attorney, and on the defendant, by the defendant himself, and thereafter the court asked the defendant whether he had anything to say as to why judgment should not be pronounced against him, and the defendant, said that he had nothing further to say except that which he had already said, and showing no good and sufficient reason why sentence should not be pronounced, the court thereupon pronounced sentence.

"It is therefore ordered, adjudged, and decreed that the defendant be committed to the Stark County Jail for a period of one (1) year, and that he pay a fine of one thousand ($1,000) dollars, and the costs of this prosecution, that he stand committed to said Stark County Jail until said fine and costs are paid, or secured to be paid, or he is otherwise legally discharged, allowing him a credit of $3.00 per day for each day of such confinement.

"It is further ordered, adjudged, and decreed that the defendant, Ralph E. Shonk, be and he hereby is ordered committed indefinitely to the Department of Mental Hygiene and Correction of the state of Ohio; and

"It is further ordered, adjudged, and decreed that the defendant be committed to the Lima State Hospital, heretofore designated an appropriate institution by said department, and

"It is further ordered that the defendant pay the costs of this prosecution for which execution is hereby awarded."

On the hearing of this petition it was testified by two psychiatrists employed by the Lima State Hospital, one called as a witness by petitioner and the other called by respondent, and who were acquainted with Shonk's case history and had observed him at the hospital, that Shonk has a chronological age of 39 years but that his mental age at all times herein concerned has been that of a "child of kindergarten level" and that there is no reason to believe that it will ever be any greater; that notwithstanding that the committing court had determined him to be a "psychopathic offender," he does not now have and never has had a psychopathic personality, and does not satisfy the definition thereof in Section 2947.24, Revised Code, but, instead, is and has been a "mentally deficient offender" as defined in

that section; and that, although Shonk has been a docile patient and of no apparent danger to adults, it is nevertheless their opinion that if he were to be released from institutional environment and control he might attempt to commit sexual acts with young children. It was testified by Shonk's sister, and undisputed by respondent, that Shonk was not represented by counsel when tried in Stark County.

The issue in this case is whether the petitioner is unlawfully restrained of his liberty by respondent. In disposing of this issue we must first determine whether his restraint is by virtue of a judgment of a court of record having jurisdiction to render the judgment. Section 2725.05, Revised Code. From the judgment of the trial court hereinbefore quoted it appears that Shonk was committed to the Lima State Hospital wholly upon the authority of Section 2947.25, Revised Code, a part of the act commonly referred to as the Ascherman Act. The pertinent portions of that act, as they existed on the date of the judgment herein (126 Ohio Laws, 392), provide that persons convicted of certain statutory offenses therein specified (Sections 2903.01, 2905.01, 2905.02, 2905.03, 2905.04, 2905.07 and 2905.44, Revised Code) must undergo psychiatric examination and that prior to sentence the court *"may* refer for such examination any person who has been convicted of any felony except murder in the first degree where mercy has not been recommended, or any misdemeanor involving a sex offense, or in which abnormal sexual tendencies are displayed, when it has been suggested or appears to the court that such person is mentally ill, or a mentally deficient offender or a psychopathic offender.'' (Emphasis added.) The section then provides that after examination and observation for not more than 60 days a report be made to the court of the results of such examination. It is then provided:

''The court shall conduct a hearing thereon not earlier than ten nor later than thirty days after the service of such copies of the report. Both the state and such person, his guardian, or next friend may appear in person or by counsel at such hearing, subpoena, examine, and cross-examine the examiners making the report, regardless of the part of the state in which the examiners may live, and produce witnesses, both lay and expert, as to the mental condition of such person. In the event and to the extent that no subpoenas are issued for the examiners to ap-

pear at the hearing, the report or such part of it as was prepared by the examiners for whom no subpoena was issued, is prima-facie evidence.

"If upon consideration of such report and such other evidence as is submitted, the court finds that such person is mentally ill as defined in Section 5123.01 of the Revised Code or is a mentally deficient offender or a psychopathic offender as defined in Section 2947.24 of the Revised Code, the court shall enter such finding on the records and shall impose the appropriate sentence for the offense of which the person was convicted. At the same time the court shall enter an order of indefinite commitment of such person to the department, during the continuance of which the execution of sentence shall be suspended. Thereupon such person shall be sent to an appropriate institution designated by the department. * * *"

There is no other provision of Ohio law providing for the commitment of a psychopathic offender or mentally deficient offender, as defined by Section 2947.24, Revised Code, and the trial court's right and jurisdiction to commit a person to the Lima State Hospital as a psychopathic offender or as a mentally deficient offender are limited by the provisions of these sections of the Revised Code. We are of the opinion, find and determine, that a person may be so committed by a trial court only in the event that he has been first convicted of one of the crimes either specifically or generally referred to in Section 2947.25.

So far as appears from the judgment entry of the trial court filed with the return herein, Shonk, if convicted of any crime at all, was convicted of the crime of "acting in a way tending to cause delinquency in a minor child as charged in the affidavit." The defendant was not therefore convicted under Sections 2903.01, 2905.01, 2905.02, 2905.03, 2905.04, 2905.07 or 2905.44 of the Revised Code, or convicted of "any felony except murder in the first degree where mercy has not been recommended," nor does it appear from the judgment entry that he was convicted of "any misdemeanor involving a sex offense, or in which abnormal sexual tendencies are displayed."

The Court of Common Pleas, Division of Domestic Relations, Juvenile Department, Stark County, was created under the provisions of what is now Section 2301.03, Revised Code, and the judge thereof is given "all the powers relating to Ju-

venile Courts, and all cases under Sections 2151.01 to 2151.54, inclusive, of the Revised Code, all bastardy cases over which the Juvenile Court has jurisdiction and all divorce and alimony cases, except such cases as should be assigned to some other judge of the Court of Common Pleas for some special reason.'' It is our opinion that if the Division of Domestic Relations, Court of Common Pleas, Stark County, is not in and of itself a court of limited or special jurisdiction, the judge thereof in his exercise of the ''powers relating to Juvenile Courts, and all cases under Sections 2151.01 to 2154.54, inclusive, of the Revised Code,'' and those powers in implementation thereof bestowed upon him, or upon his court, by the provisions of Section 2947.25, Revised Code, is exercising a jurisdiction which is special and limited. Such being the case, there is in the exercise of such powers no presumption of jurisdiction inherent in the judgment of such court. It is not presumed that all facts necessary in order for it to render a particular judgment existed and were duly found, or that every step necessarily has been taken to give it jurisdiction, but, on the contrary, the record of such court must show upon its face a full compliance with the requirements in order to obtain jurisdiction. See *State, ex rel. Smilack,* v. *Bushong, Supt.,* 93 Ohio App., 201, and authorities therein cited.

The judgment of the trial court shows merely that the petitioner herein was charged with, and sentenced for, the crime of acting in a way tending to cause delinquency in a minor child. There are an unlimited number of possible acts which he could have committed in a way tending to cause delinquency in a minor child, for instance, offering the child a drink of intoxicating liquor, interfering with its education, attempting to enter the marriage relation with such child without the consent of the child's parents; and, in the absence of some showing in the record of same, there is no presumption that the crime of which he was charged and sentenced was one ''involving a sex offense, or in which abnormal sexual tendencies are displayed.'' The judgment of the trial court hereinbefore quoted is the only part of the record which is before us and the same fails to show that the petitioner herein was convicted of any such offense. A copy of the affidavit filed against the petitioner was displayed to this court, and, it likewise did not charge the defendant,

petitioner herein, with any acts "involving a sex offense, or in which abnormal sexual tendencies are displayed." The statement received by the Lima State Hospital from police authorities which was read to this court, wherein it was alleged that the act with which Shonk was charged involved abnormal sexual tendencies, is not a part of the record of the trial court and has no probative value herein to show compliance with the jurisdictional prerequisites of Section 2947.25, Revised Code.

For these reasons this court must conclude that, it not appearing in the record that the prerequisites for exercise of jurisdiction by the Court of Common Pleas, Division of Domestic Relations, Juvenile Department, Stark County, existed, such court, or the judge thereof, did not have jurisdiction to commit the petitioner to the Lima State Hospital.

In the face of the testimony of the psychiatrists respecting their opinion as to the petitioner's potential conduct with relation to young children, if and when released from institutional supervision, this court is extremely reluctant to release the petitioner, but even if properly convicted, petitioner was sentenced to a term of one year in the Stark County Jail, and already has been confined to the Lima State Hospital for a period exceeding one year and eight months. Under these circumstances this court has no choice but to insure to the petitioner the rights guaranteed to him by the Constitution of the United States and the Constitution and laws of the state of Ohio, and to order his release from confinement at the Lime State Hospital. If the petitioner needs further institutional care there are other legal means by which such care can be accomplished, but which means are outside the jurisdiction of this court.

Although it has no bearing on our decision herein, we would feel it remiss if we did not comment, and we feel compelled in the interests of justice to comment, on the manner in which the petitioner was tried and convicted. In doing so we do not mean to be unduly critical of the trial court for, since the petitioner cannot be classified as insane, the statutes of Ohio do not provide a ready solution for the problem. We note, however, as must have been known by the trial court, that although an adult in chronological age the petitioner has the mental age of a kindergarten child. As an adult charged with a crime he was entitled, unless he should plead guilty, to be defended by an attor-

ney and to be tried by a jury. On the basis of petitioner's plea of guilty he was tried by the court without being represented by an attorney and without a jury. We ask, categorically, whether a person with the mentality of a child of kindergarten age can sufficiently appreciate his rights under the law that he can be denied such rights on the basis of a plea of guilty which there is serious doubt he could comprehend? Does a conviction based on such procedure satisfy the requirements of the due process clauses of our state and federal Constitutions?

It is ordered that the petitioner be discharged forthwith from confinement at the Lima State Hospital.

*Petitioner released from custody.*

YOUNGER and MIDDLETON, JJ., concur.