DECISION AND JUDGMENT ENTRY
{¶ 1} Relator, Darrell Leadingham, filed his original complaint on February 11, 2002. It names as respondents Richard Schisler and William B. Marshall, Jr., Judges of the Portsmouth Municipal Court, and Marty Donini, Sheriff of Scioto County. Relator alleges that he sought access to four sealed files of the Portsmouth Municipal Court, Case Nos. 75-9783, 76-313, 76-314, and 76-8906, and was denied access to them by the respondent judges. He further alleges that the files were unlawfully sealed — popularly," expunged" — because they contain multiple expunged convictions of respondent Donini. Respondents Schisler and Marshall filed a motion to dismiss the complaint, alleging that relator lacked standing to bring the action. We denied that motion on April 12, 2002.
 {¶ 2} Subsequently, relator moved for an in camera inspection of the sealed court records. On July 8, 2002, we granted the motion, appointed a magistrate, set a briefing schedule, and required the magistrate to file a report within forty-five days.
 {¶ 3} The magistrate submitted his original magistrate's report on August 22, 2002. In summary, he found that the four files contained evidence of three misdemeanor charges filed against respondent Donini in the 1970's, that two of the charges were dismissed in Case No. 75-9783, refiled as separate cases, Case Nos. 76-313 and 76-314, and dismissed again. The magistrate further found that the third charge, filed in Case No. 76-8906, was wholly separate from the first two and that the record was inconclusive as to the final disposition of the charge. However, he found evidence that there had been a bond forfeiture in the case. He concluded that the two charges clearly dismissed were eligible for expungement under R.C. 2953.52, which permits the expungement of acquittals, dismissals, and no-bills without limit. Consequently, he also found that if the third charge was also a dismissal, it too would have been eligible for dismissal under that statute. Additionally, he found that even if the case had concluded as a bond forfeiture, it would have been eligible for expungement under R.C. 2953.32, as, on the evidence presented, respondent Donini would have been eligible to have the case expunged as a first offender. Accordingly, he concluded that the allegation of the complaint — that the sealed records contained evidence of expungement of multiple convictions — was without merit.
 {¶ 4} In the original magistrate's report, the magistrate also found that the expungement order failed to demonstrate compliance with R.C. 2953.32 and/or 2953.52 in other respects:
1. there was no evidence that the prosecutor received notice of the expungement hearing [R.C. 2953.32(B); 2953.52(B)(1)];
2. there was no recitation that there were no criminal charges pending against the applicant [2953.32(C)(1)(b); R.C. 2953.52(B)(2)(b)];
3. if the third charge was a bond forfeiture, the expungement order did not recite that the applicant was rehabilitated to the satisfaction of the court [2953.32(C)(1)(c)]; and there was no evidence of the required weighing of the applicant's interest in having the records sealed against the government's interest in having them remain public records [2953.32(B)(2)(d); 2953.52(C)(1)(e)].
 {¶ 5} Nevertheless, the magistrate concluded that errors or omissions 2, 3, and 4 were, at most, errors in the exercise of jurisdiction and, as such, not subject to collateral attack. Moreover, the magistrate concluded that even if the court failed to notify the prosecutor of the hearing, an error that could be considered a failure to acquire personal jurisdiction and subject the expungement order to collateral attack, relator lacked standing to collaterally attack the judgment on that ground. Accordingly, the magistrate recommended that the court deny the writ.
 {¶ 6} Both relator and respondent Donini filed objections to the original magistrate's report. Relator objected that, by failing to notify the prosecutor of the expungement hearing, as required by both statutes, the expungement court lacked personal jurisdiction of the matter, rendering its judgment void and subject to collateral attack. Relator also argued that the other errors and omissions in the expungement order rendered the order void.
 {¶ 7} Respondent Donini, while supporting the conclusion of the report, argued that it was in error to conclude that the prosecutor was not notified. He attached to his objection, and proferred as additional evidence, a copy of his application to seal the records, which contained proof of service on the prosecutor. The application is not contained in the record.
 {¶ 8} Before we addressed the objections, relator filed a notice of additional authority and moved to amend his complaint to add a cause of action. The additional authority was State ex rel. Cincinnati Enquirerv. Winkler, 149 Ohio App.3d 350, 777 N.E.2d 320, 2002-Ohio-4803
[Cincinnati Enquirer I], in which the First District Court of Appeals held that R.C. 2953.52 — and by implication R.C. 2953.32 — unconstitutionally deny the public's right of access to public records unless read to include a requirement that the expungement court weigh the public's right of access against the applicant's right to privacy. The appellate court "remanded" the case to the trial court for this required weighing. The trial court did the weighing and granted the expungement. Subsequently, the court of appeals found no abuse of discretion in the weighing and affirmed the trial court's judgment. State ex rel.Cincinnati Enquirer v. Winkler, 151 Ohio App.3d 10, 782 N.E.2d 1247,2002-Ohio-7334 [Cincinnati Enquirer II]. The case has been appealed and set for oral argument sub nom State ex rel. Cincinnati Enquirer v.Cissel, 99 Ohio St.3d 1433, 789 N.E.2d 1115, 2003-Ohio-2902.
 {¶ 9} On November 26, 2002, in response to the parties' objections and relator's motion to amend the complaint and add a cause of action, we granted relator's motion and recommitted the case to the magistrate with instructions to file a supplemental magistrate's report on the issues of personal jurisdiction in the expungement hearing and the issues raised byCincinnati Enquirer I. On February 28, 2003, the magistrate filed a supplemental magistrate's report. In summary, it reaffirmed the original magistrate's report on the issue that respondent was eligible to have all the cases expunged, but reversed the recommendation of the original report on the issue of standing, found relator did have standing to collaterally attack the order with respect to the issue of jurisdiction, and found that the trial court lacked personal jurisdiction because the record contained no evidence that the prosecutor was notified of the date of the hearing, as required by both R.C. 2953.32 and 2953.52.
 {¶ 10} On the basis of lack of personal jurisdiction, the magistrate found the expungement hearing void ab initio, and recommended that the court allow the writ. The magistrate also concluded that if we affirmed his conclusion that the trial court lacked personal jurisdiction, we need not reach the constitutional issue raised inCincinnati Enquirer I. The magistrate did, however, analyze the conclusion of Cincinnati Enquirer I that R.C. 2953.52 was unconstitutional unless an additional weighing requirement was read into it, advised us that he thought the decision flawed, and recommended that we not follow it.
 {¶ 11} Both relator and respondent Donini filed objections to the supplemental magistrate's report. Relator objected to the magistrate's failure to follow Cincinnati Enquirer I and urged the court to adopt its rationale. Respondent Donini objected to the magistrate's finding, on reanalysis, that the trial court lacked personal jurisdiction, and made further objections, discussed below.
 {¶ 12} Moreover, on April 22, 2003, respondent Donini filed a motion to supplement the record with more evidence and briefs on the issue of personal jurisdiction in the expungement court. On April 30, 2003, we granted respondent Donini's motion and set a schedule for filing supplemental evidence and briefs. The parties submitted additional memoranda of law on the issues of personal jurisdiction, and respondent Donini submitted additional evidence in the form of an affidavit of respondent Marshall, who was his counsel at the time of the expungement hearing.
 {¶ 13} Accordingly, the cause is before the court on objections to the original and supplemental magistrate's reports, which we are required to rule on pursuant to Civ.R. 53(E)(4)(b), and the additional evidence submitted by respondent Donini.
I. OBJECTIONS
A. Personal Jurisdiction
 {¶ 14} Because the supplemental magistrate's report reversed the original report on this issue of personal jurisdiction, we omit discussion of relator's objection to the original report on that issue. The supplemental report substantially met and concurred in that objection. Accordingly, we focus on respondent Donini's objections on this issue, which fall into three categories: (1) that the prosecutor had actual notice of the hearing, (2) that it is unnecessary that the notice appear of record, as the Portsmouth Municipal Court is a court of record capable of determining its own jurisdiction, and (3) that if the court failed to notify the prosecutor of the hearing, the expungement order was, at most, voidable and subject to attack on direct appeal, not void and subject to collateral attack.
 {¶ 15} Actual notice. R.C. 2953.32(B) and 2953.52(B)(1) state, in part:
Upon the filing of an application [for expungement] under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with court prior to the date set for the hearing.
 {¶ 16} The magistrate found that the record did not disclose that the court had given the required notice. Respondent Donini attaches to his objections to the original report a copy of his application for expungement with an undated proof of service on the prosecutor. The application is not contained in the record. We find that, at most, the service notified the prosecutor that an application had been filed. It does not prove that the court notified the prosecutor of the hearing so that he or she could make objections, if desired.
 {¶ 17} Pursuant to our order permitting supplemental evidence, respondent Donini submitted an affidavit of respondent Marshall, then his counsel for the expungement process. The affidavit states, in pertinent part, that at the time the expungement hearing was held, the court's assignment commissioner provided notice of the court's docket to the prosecutor's office, and that he personally, as respondent Donini's counsel, discussed the matter with the prosecutor, who did not object to the expungement. While we have no reason to doubt respondent Marshall's recollection of the standard practice at that time or his veracity about speaking personally to the prosecutor, again, nothing appears of record to substantiate that the court notified the prosecutor of the hearing in this case. "[A] court speaks through its journal entry." State v. Bruce,
Washington App. No. 02CA51, ¶ 17, fn. 1, 2003-Ohio-4081. Therefore, we overrule respondent Donini's objection to the supplemental magistrate's report on this issue.
 {¶ 18} 2. Necessity That Personal Jurisdiction Appear on theRecord. In his objections to the supplemental magistrate's report and again in his memorandum of law following our authorization to submit additional evidence, respondent Donini argues that personal jurisdiction need not appear of record, but may be presumed because the Portsmouth Municipal Court is a court of record. This objection has two prongs: that the magistrate erred by relying on State ex rel. Smilack v. Bushong
(1952), 93 Ohio App. 201, 112 N.E.2d 675, affirmed, State ex rel. Smilackv. Bushong (1953), 159 Ohio St. 259, 111 N.E.2d 918, because (1) theSmilack court did not consider relevant Supreme Court precedent, and (2) the precedent that the Smilack court did rely on does not support its conclusion.
 {¶ 19} Smilack was a habeas corpus case in which the petitioner attacked his commitment to a mental hospital on grounds that the statutory procedures were not followed in the court of common pleas. The court of appeals concurred and allowed the writ, stating, inter alia, in its syllabus:
3. A distinction between a court of general jurisdiction and one of limited or special jurisdiction is that as to a judgment by the former there is a presumption that all jurisdiction requisites were complied with, whereas, in the latter, such presumption does not prevail and every requisite essential to jurisdiction must appear on the face of the record.
4. There is no presumption of jurisdiction where a court of general jurisdiction exercises special statutory powers not belonging to it as such, and, with respect to the exercise of such powers, the court stands on the same footing as courts of special or limited jurisdiction.
* * *
5. The judgment of a court of limited or special jurisdiction may be examined thoroughly to ascertain whether every requisite to jurisdictionand its lawful exercise appears on the face of the record.
 {¶ 20} The Supreme Court affirmed on broader constitutional grounds, holding that the statutes prescribing the commitment procedure were mandatory and that the petitioner had been committed "without any semblance of a formal hearing as to the accused's mental condition,"159 Ohio St. at 265-266, 111 N.E.2d at 921-922. But the court did not specifically affirm or disaffirm the court of appeal's judgment on the necessity of jurisdiction appearing on the face of the record. We note that Smilack has been followed on this issue by the Second District Court of Appeals in State ex rel. Shonk v. Crist (1961), 114 Ohio App. 304,182 N.E.2d 10, and In re Toney (1961), 114 Ohio App. 397, 183 N.E.2d 141, and by the Sixth District Court of Appeals in State ex rel. Herring v.Greater Unity Baptist Church, Lucas App. No. L-01-1345, 2002-Ohio-4944. Respondent Donini concedes that the Portsmouth Municipal Court is a court of limited jurisdiction, but argues that it is a court of record, and that the Supreme Court held in Cincinnati, S. C.R. Co. v. Villageof Belle Centre (1891), 48 Ohio St.3d 273. 27 N.E. 464, and Sheldon'sLessee v. Newton (1854), 3 Ohio St. 494, that a court of record's jurisdiction may be presumed. In both cases the Supreme Court broadly stated that courts of record are presumed "competent to decide their own jurisdiction, and exercise it to final judgment, without setting forth the facts and evidence on which it is rendered, and whose records, when made, import absolute verity * * *." Cincinnati, S. C.R. Co.,48 Ohio St. at 291, 27 N.E. at 468; see, also, Sheldon's Lessee,3 Ohio St. at 499-500. The Court further held in each case that the presumption of jurisdiction could not be collaterally attacked. 48 Ohio St. at 292,27 N.E. at 468; 3 Ohio St. at 498. However, in both of those cases, the persons seeking to collaterally attack the judgment had been parties to the original case, or were claiming as privies under them.48 Ohio St. at 290, 27 N.E. at 468; 3 Ohio St. at 496. The magistrate found, and we concur, that a different rule applies in a collateral attack on a judgment by a stranger who alleges that the judgment deprives him or her of a pre-existing right. Coe v. Erb (1898), 59 Ohio St. 259, 52 N.E. 640;Plater v. Jefferson (1956), 75 Ohio L. Abs. 68, 136 N.E.2d 111.
 {¶ 21} In Coe, the Supreme Court permitted a purchaser of lands to collaterally attack an allegedly fraudulently obtained judgment lien purportedly perfected prior to his purchase of the lands. The court stated the general rule:
It is, and has been since the organization of our state, assumed that judgments of courts import absolute verity, and, as a broad proposition, that a judgment of a court of general jurisdiction, having jurisdiction of the cause and the parties, cannot be impeached collaterally.59 Ohio St. at 267-268, 52 N.E. at 642.
 {¶ 22} However, the court stated an exception to the rule:
The general rule, however, has not been without exceptions. While it is true that the parties must resort, for relief from the judgment, to a direct attack, as by appeal, motion to correct, or proceeding in error, yet strangers to the judgment, not being entitled to impeach it directly, and who, if the judgment were given full faith and effect,would be prejudiced in some pre-existing right, are placed on a different footing. 59 Ohio St. at 268, 52 N.E. at 643. (Emphasis added.)
 {¶ 23} The court also stated the "two principal grounds" upon which collateral attacks by such strangers were permitted: "fraud and want of jurisdiction." 59 Ohio St. at 271, 52 N.E. at 643-644.
 {¶ 24} Similarly, in Plater v. Jefferson, supra, the Eighth District Court of Appeals recognized the exception to the general rule against collateral attack stated in Coe. However, it affirmed the trial court's dismissal of the action because the plaintiff had not established a pre-existing right.
 {¶ 25} We affirm the magistrate's decision on this issue. In the instant case, relator, a member of the public, was a stranger to the expungement proceeding. However, the Supreme Court has stated that "`public records are the people's records, and that officials in whose custody they happen to be are merely trustees for the people.'" DaytonNewspapers, Inc. v. Dayton (1976), 45 Ohio St.2d 107, 109, 341 N.E.2d 576,577, citing State ex rel. Patterson v. Ayers (1960), 171 Ohio St. 369,371, 171 N.E.2d 508, 509. Under R.C. 149.43(B) of the Public Records Act, "any person" may inspect and copy public records.
 {¶ 26} Moreover, the Supreme Court has stated that in cases where expungement orders are challenged in cases brought under the Public Records Act, the court hearing the case must "make an individualized scrutiny of the records in question," State ex rel. Beacon JournalPublishing Co. v. Radel (1991), 57 Ohio St.3d 102, 103, 566 N.E.2d 661,663, citing State ex rel. Natl. Broadcasting Co. v. Cleveland (1988),38 Ohio St.3d 79, 526 N.E.2d 786, paragraph 4 of the syllabus.
 {¶ 27} We find in Radel an implicit ratification of the court's holding in Coe. The expungement statutes are exceptions to and a limitation on the public's pre-existing right of access to public records. See Radel at 103. We find, therefore, that a stranger to a judgment of expungement, who seeks access to the expunged records as unlawfully sealed public records, may collaterally attack the expungement order for lack of jurisdiction to preserve his or her (and the public's) pre-existing right of access to public records. Accordingly, we affirm the magistrate's conclusion to this effect and overrule respondent Donini's objection on this issue.
 {¶ 28} In the second prong of his argument, respondent Donini argues that the three cases cited in Smilack for the proposition that jurisdiction must appear of record does not support the Smilack court's conclusion on that issue. We disagree.
 {¶ 29} In Wilson v. Lasure (1930), 30 Ohio App. 107, 172 N.E. 694, the appeal of a habeas corpus action in which the trial court had allowed the writ and discharged the petitioner, the appellate court affirmed the trial court's decision. It found that the petitioner had been tried and convicted on an affidavit, while the relevant statute required the filing of an information:
It is therefore the conclusion of this court that the record of the probate court of Perry county, as introduced in this proceeding, shows upon its face that the court was without jurisdiction to try and convict the defendant in error of the offense charged in and by the affidavit.36 Ohio App. at 117, 172 N.E. at 697.
 {¶ 30} Similarly, in Lewis v. Reed (1927), 117 Ohio St. 152,157 N.E. 897, in the appeal of a mother's habeas corpus action, the Supreme Court upheld the decision of the court of appeals discharging a child from state custody where she had been placed after an adjudication that she was a dependent child. The ground for the decision was that the constructive notice by publication served on the mother in the dependency case had been resorted to by fraud, her actual address being known and withheld, and that the court in the dependency action, therefore, lacked personal jurisdiction to render the judgment.
 {¶ 31} In In re O'Leary, (1939), 32 Ohio Law Abs. 122, the court of appeals affirmed the decision of the probate court not to vacate and modify its previous decision temporarily committing O'Leary, a minor, to a mental hospital. The grounds urged for vacating the order were that the committing court lacked jurisdiction because no notice had been given to the minor's mother of the commitment proceedings. The court of appeals held that, under the relevant statutes, notice to the mother was not required.
 {¶ 32} We believe that these cases entitled the Smilack court to conclude that jurisdiction must appear in the record. In the instant case, the magistrate, following Radel, supra, gave the record "individualized scrutiny" and concluded that the notice to the prosecutor required by R.C. 2953.32 and R.C. 2953.52 did not appear in the record, and that the notice was required to establish personal jurisdiction. We affirm that conclusion and overrule respondent Donini's objection.
 {¶ 34} 3. Void/Voidable Decisions. Respondent Donini also argues, in his objections to the original and supplemental magistrate's reports, that once subject-matter jurisdiction is established nothing more is required, and any errors or omissions thereafter committed by the expungement court should render its decision voidable, not void, and subject only to attack on direct appeal. He cites State v. Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75.
 {¶ 35} In that case, the Second District Court of Appeals reversed a judgment of the trial court that vacated its prior expungement order, finding that the crime it had expunged was not eligible for expungement. In reversing, the court of appeals found that the trial court's error in expunging a crime that was not expungeable was merely in the exercise of jurisdiction, not an error as to personal or subject-matter jurisdiction, and was therefore only voidable on direct appeal and not void ab initio and subject to collateral attack. In so holding, it cited with approval In re Waite (1991), 188 Mich. App. 189, 200, 468 N.W.2d 912:
When there is a want of jurisdiction over the parties, or the subject matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. They are of no more value than as though they did not exist. But, in cases where the court has undoubted jurisdiction of thesubject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, * * * is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from. (Emphasis original in Waite.)
 {¶ 36} In the instant case, the magistrate found that personal jurisdiction was lacking for the trial court's expungement order and, therefore, found as to that issue that the order was void and subject to collateral attack. However, on the question of other errors and omissions of the trial court, he found that these were errors in the exercise of jurisdiction, merely voidable, and not subject to collateral attack. We find that the magistrate correctly applied the law cited in Wilfong andWaite, affirm his conclusions, and overrule respondent Donini's objection on this issue. Consequently, we also overrule relator's objection to the original magistrate's report, in which he argued that all errors or omissions of an expungement court should render its order void and subject to collateral attack.
B. Other objections
 {¶ 37} In an objection to the supplemental magistrate's report, respondent Donini argues that the issue of personal jurisdiction was not set forth in the amended complaint and thus was improperly considered by the magistrate. While the amended complaint did only allege the irregularity of the proceedings, in our entry of November 26, 2002, we specifically enjoined the magistrate to consider the issue of personal jurisdiction in a supplemental magistrate's report. We find an analogous situation in State ex rel. Master v. Cleveland (1996), 75 Ohio St.3d 23,26, 661 N.E.2d 180, 183. There, the Supreme Court overruled the defendants' motion to strike the complaint as insufficient after evidence and briefs had been filed and the court had issued an alternative writ indicating that the complaint might have merit. Here, our entry of November 26, 2002, after the filing of the amended complaint, put respondents on notice that the court considered personal jurisdiction an issue. Moreover, our subsequent order, entered on April 30, 2003, permitted respondent Donini to submit additional evidence and argument on that issue. Respondent Donini, therefore, had reasonable notice that personal jurisdiction was at issue, and we overrule this objection.
 {¶ 38} In an objection to the supplemental magistrate's report, respondent Donini argues that if the state is a necessary party to the expungement proceedings and that the requirement that the court notify the prosecutor is mandatory and jurisdictional, then the prosecutor is a necessary party to this case. We disagree. This case is a statutory mandamus action under the Public Records Act, brought, in that context, against the custodians of the records, respondents Schisler and Marshall. The prosecutor is thus not a necessary party to this action as it is not alleged that he has any responsibility for the custody of the records in question. Any party might have sought to join the prosecutor under Civ.R. 19 or Civ.R. 20. No party did. Therefore, as we find that the prosecutor has no responsibility for the custody of the records in question that would make him a necessary party to the action, we overrule this objection.
Cincinnati Enquirer I
 {¶ 39} Both relator and respondent Donini urge us to apply the holding of the First District Court of Appeals in this case and "remand" this case to the trial court for a weighing of the public's right of access to records against the applicant-for-expungement's right to privacy in having records expunged. That court held that this weighing, which is not included on the face of either R.C. 2953.32 or R.C. 2953.52, was necessary to preserve the constitutionality of R.C. 2953.52, and by implication, R.C. 2953.32.
 {¶ 40} In the supplemental magistrate's report, the magistrate concluded that if we found that the trial lacked personal jurisdiction to issue the expungement order, we need not address the constitutional issue raised in Cincinnati Enquirer I. We affirm the magistrate's conclusion on this issue. Having found that the trial court lacked personal jurisdiction to issue the expungement order, we need not address the constitutional issue raised in Cincinnati Enquirer I. "Constitutional questions will not be decided until the necessity for such decision arises upon the record before the court." State ex rel. Ferguson v.Herbert, Aud. (1944), 142 Ohio St. 496, 502, 52 N.E.2d 980, 983, approved and followed, Belden v. Union Life Ins. Co. (1944), 143 Ohio St. 429, paragraph seven of the syllabus, 55 N.E.2d 629. We note that CincinnatiEnquirer I is now on appeal to the Supreme Court, which will, presumably address the constitutional issue raised therein.
 {¶ 41} In his objections to the supplemental magistrate's report, respondent Donini goes further and urges us to remand the case to the trial court, not only for the weighing mentioned in Cincinnati EnquirerI, but also for reexamination of the issue of personal jurisdiction. He cites as the basis for this request, Civ.R. 60(A). This rule permits trial courts to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission * * * on its own initiative or on motion of any party * * *." The rule further provides: "During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court." (Emphasis added.)
 {¶ 42} We do not find authority in Civ.R. 60(A) for the remand that respondent Donini urges. The instant case is a wholly new case, a collateral attack on the order of expungement, not a direct appeal of that order. Therefore, we find the rule inapplicable to the present case. We note, in passing, the same error in Cincinnati Enquirer I, where the court "remanded" the case for additional findings from the posture of a wholly new and subsequent case collaterally attacking the expungement order. Accordingly, we overrule respondent Donini's objection on this issue.
 {¶ 43} Having ruled on the objections of the parties, as required by Civ.R. 53(E)(4)(b), we affirm the conclusions of the magistrate as stated herein. Therefore, on the basis of the magistrate's conclusion, stated in the supplemental magistrate's report, that the trial court lacked personal jurisdiction to issue the expungement order, we allow the writ and order respondents Schisler and Marshall to unseal the records in Case Nos. 75-9783, 76-313, 76-314, and 76-8906 of the Portsmouth Municipal Court on and after the forty-sixth day after this decision and judgment entry is filed. Similarly, our previous entries in the instant case placing the pleadings, magistrate's reports, and other documents under seal are hereby revoked effective on the forty-sixth day after this decision and judgment entry is filed. After that date, the clerk of the court of appeals shall allow access to such pleadings, reports, as in other cases of public records.
So Ordered.
Harsha, J., concurs in Judgment Only with Opinion.
Abele, J., concurs in Judgment and Opinion.
Writ allowed.
Roger L. Kline, Judge, Peter B. Abele, Judge and William H. Harsha, Judge.