THE STATE, EX REL. PARSONS, *v.* BUSHONG, SUPT.

(No. 880—Decided May 23, 1945.)

*Mr. Melvin C. Light* and *Mr. Willis S. Siferd,* for petitioner.

*Mr. Hugh S. Jenkins,* attorney general, and *Mr. H. S. Zwolinski,* for respondent.

*Per Curiam.* The action is one in habeas corpus instituted by Paul Parsons in his own proper person, upon the ground that his confinement at the Lima State Hospital is illegal, void and of no effect whatsoever for the reason that the Probate Court of Cuyahoga County, Ohio, was wholly without jurisdiction to make an adjudication of the question of the insanity of the petitioner and the commitment therefor, and for the further reason that the petitioner is sane and is being unlawfully restrained of his liberty by Dr. R. E. Bushong, as superintendent of Lima State Hospital.

To this petition a return was made by Dr. R. E. Bushong, as superintendent of Lima State Hospital, that he has now and has had the custody of the person of Paul W. Parsons since January 17, 1944, by virtue of his transfer from the Cleveland State Hospital, as ordered by the Department of Public Welfare under the provisions of Section 1890-70 of the General Code.

This cause is incorrectly captioned as the proceeding is not brought by the state of Ohio on the relation of Paul Parsons but is brought by Paul Parsons, as petitioner, in his individual capacity, and the cause should be correctly caption, "In the Matter of the Petition for a Writ of Habeas Corpus for Paul Parsons." It was

unnecessary and improper to designate Dr. R. E. Bushong, superintendent of Lima State Hospital, who is charged with unlawfully restraining the petitioner of his liberty, as respondent in the caption to the cause. He is respondent only in his official capacity and only in the sense that he is the one required to make return of the writ of habeas corpus.

Trial was had on May 10 and 11, 1944, at Lima, Ohio.

The evidence discloses that on the 28th of December, 1942, the wife of the petitioner, Jestine Mary Parsons, filed an affidavit with the Probate Court of Cuyahoga County, Ohio, reciting that the petitioner was mentally ill and that he is a violent or dangerous person and has homicidal tendencies, and that his being at large is dangerous to the community.

Doctors K. S. West and S. C. Lindsay, medical witnesses, appeared before the court at the time set for the hearing, which was at ten o'clock a. m., December 28, 1942.

There is nothing in the record to indicate whether the petitioner had notice of or was present at the hearing, or whether any other witnesses appeared or testified, except the two medical "and other witnesses."

The record fails to show an observance of Section 1890-25 of the General Code, which, in substance, reads that no hearing shall be had upon an affidavit as is provided for in Section 1890-23, General Code, until the Probate Court has given written notice by mail, or otherwise, as the court may direct, to the following persons residing within the county: 1. Any person, whether a relative or not, designated by such person when such person is competent to make the selection. 2. Any person or persons that the probate judge determines should have notice of such hearing. All persons entitled to notice, as herein set out, shall be permitted to waive such notice.

The record is silent as to any waivers, as well as to

the competency or incompetency of the petitioner to make such a selection.

The only testimony on the subject is that of the petitioner who says that on December 28, 1942, at the time of the hearing and before then, he was competent to make such a selection and that he was neither requested to make such selection nor did he in any manner make such a selection.

Apparently the second class of persons who were summoned were the medical witnesses, which shows an observance of the provisions of the section relating to the second class of witnesses.

The issues, according to the pleadings and the statements of counsel, are: First, is it necessary for a Probate Court, in a hearing of this character, to affirmatively show in the record either that the petitioner was not competent at the time, or, that, if competent, the petitioner had the opportunity to designate or refuse to designate a person to be present at the hearing, and if such person was designated, a notice was given to such person, or a waiver of such notice duly filed? Second, was the petitioner sane or insane at the time of the hearing before this court?

Sections 7 and 8, Article IV of the Constitution of Ohio, make the Probate Court a constitutional court and a court of general jurisdiction in all probate and testamentary matters, the appointment of administrators and guardians, the settlement of accounts of executors, administrators and guardians, and further prescribe that such court shall have such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction in any county or counties as may be provided by law.

Sections 1890-23 to 1890-27, inclusive, General Code, provide for other jurisdiction, with especial reference

to proceedings against one who is mentally ill, including the commencement of such proceedings, the hearing therein and the adjudication thereof and commitment therefor.

No presumption prevails in favor of the jurisdiction of a court or tribunal of inferior, limited or special jurisdiction and it is necessary, in order to sustain the proceedings of such a court, that the record show affirmatively that the court had jurisdiction. 21 Corpus Juris Secundum, 159, Courts, Section 105; 14 American Jurisprudence, 251, Courts, Section 8.

When exercising probate jurisdiction and such jurisdiction as is specifically indicated in the Constitution, Probate Courts are courts of general jurisdiction but cease to be such courts and become courts of limited, inferior or special jurisdiction when they are exercising special statutory powers. 21 Corpus Juris Secundum, 160, Courts, Section 106.

The distinction between a court of general jurisdiction and a court exercising limited. or special jurisdiction is that in the first instance the judgment in and of itself presumes that all facts necessary in order for the court to render a particular judgment existed and were duly found, and that every step necessary has been taken to give it jurisdiction. 21 Corpus Juris Secundum, 149, Courts, Section 96.

On the other hand, there is no presumption of jurisdiction where a court of general jurisdiction exercises, in a special statutory manner or otherwise than according to the course of the common law, special statutory powers not belonging to it as such court and not within its ordinary jurisdiction, since, under such circumstances, the court stands, with respect to the special powers exercised, on the same footing with courts of limited and special jurisdiction, and the record of such court must show upon its face a full compliance

with the requirements in order to obtain jurisdiction. 21 Corpus Juris Secundum, 152, Courts, Section 96; *Wilson, Sheriff,* v. *Lasure,* 36 Ohio App., 107, 172 N. E., 694; *Lewis* v. *Reed,* 117 Ohio St., 152, 157 N. E., 897; *In re O'Leary,* 32 Ohio Law Abs., 122.

Therefore the presumption as to the jurisdiction of a court of general jurisdiction is rebutted and overcome only by recitals in the record affirmatively showing lack of jurisdiction, and on the other hand no presumption exists whatever in favor of the jurisdiction of courts of limited or special jurisdiction. 21 Corpus Juris Secundum, 153, Courts, Section 97.

The judgments of courts of special and limited jurisdiction may be examined thoroughly for the facts and evidence necessary to sustain them, as the decisions do not furnish evidence in themselves to show jurisdiction and its lawful exercise and every requisite for either jurisdiction or its lawful exercise must appear upon the face of the proceedings or they are a nullity. 21 Corpus Juris Secundum, 19, Courts, Section 2.

Excess of jurisdiction may be defined as the state of being beyond or outside the limits of jurisdiction as distinguished from the entire absence of jurisdiction. Although the proceedings are within the general jurisdiction of the court, its judgments are void with respect to a particular case because the conditions which alone authorize the exercise of the jurisdiction in that particular case are wanting, and hence the judicial power is not in fact lawfully invoked. Thus, a court may have jurisdiction of the subject matter and the party but its acts and order may nevertheless be in excess of its jurisdiction, as being something which it has no power to do and in this manner any act of the court in violation of statutory requirements may be considered to be in excess of jurisdiction. 21 Corpus Juris Secundum, 37, Courts, Section 25.

It is the opinion of this court that the Probate Court of Cuyahoga County, Ohio, was acting under purely statutory jurisdiction when it adjudicated that the petitioner was mentally ill and committed him as an insane person, and that by reason thereof it was a court of limited or special jurisdiction in which the judgment of the court and the proceedings must affirmatively show the observance by the court of all the statutory requirements, and especially Section 1890-25 of the General Code of Ohio.

It is therefore the conclusion of this court that the record of the Probate Court of Cuyahoga County, Ohio, as introduced in this proceeding, shows upon its face that the court was without jurisdiction and therefore the commitment by the court of the petitioner was illegal and void, for which reason the petitioner will be ordered released from the custody of the superintendent of the Lima State Hospital, subject, however, to certain conditions hereinafter set forth.

Two eminent physicians, with especial ability as to mental illness by study, experience and observation, testified positively in this court that the petitioner is in a paranoiac condition which is a mental illness of a violent nature in which one is vicious, has delusions of persecution, lacks the capacity to form balanced judgment, is dangerous to the public welfare, and is apt to exert violence indiscriminately upon other persons, and shows a strong degree of unreasonableness in all particulars, and that in their opinion he was insane at the time of the hearing in the Probate Court of Cuyahoga County, Ohio, on December 28, 1942, and that he is now an insane person and at this time should have the restraining influence of the state institution. These two doctors are employed by the state of Ohio and we have the right to and do believe that their testimony was not biased, prejudiced or influenced in any manner

whatsoever and is entitled to the highest credibility.

Two men employed as guards testified as to various acts and statements which were of an unnatural and abnormal nature done and made by the petitioner.

To this testimony there is opposed only the testimony of the petitioner that he is now sane and always has been sane and that his commitment is the result of a frame-up.

The court has also had read to it a compilation of letters and postal cards which were written and addressed by the petitioner, the nature and contents of which corroborate the opinion of the doctors or alienists and justify the conclusiveness of our opinion that the petitioner is now insane and that his release and being at large would be dangerous to the community in general, to certain individuals in particular, and to himself.

Where the verdict and judgment upon which the commitment is based are defective the court has the power to refuse to discharge the person until a reasonable opportunity is given the authorities to file a new complaint against the petitioner. An absolute discharge may be denied on a habeas corpus brought to obtain the discharge of an inmate of an insane asylum if it appears that he is still insane.

Even though the petitioner is entitled to be discharged from the particular restraint under which he is held, the court should not admit him to absolute freedom if it appears that he has committed a criminal offense or that for any other reason he should be detained, but he should be placed in the custody of the proper authorities in order that appropriate proceedings against him may be taken. 25 American Jurisprudence, 249, 250, Habeas Corpus, Section 153.

It is a settled rule that a writ of habeas corpus lies to determine the validity of the detention of one who

is confined because of the fact that he is an insane person, and that although the confinement of such insanc person is illegal, if his going at large will be dangerous to himself or other people he will not be set at liberty under a writ of habeas corpus but will be detained to permit a legal commitment to be secured under proper proceedings. 25 American Jurisprudence, 208, Habeas Corpus, Section 84; 14 Ruling Case Law, 564, Insanity, Section 17; 12 Ruling Case Law, 1216, Habeas Corpus, Section 35.

It is therefore ordered that the petitioner be discharged from the custody of the superintendent of the Lima State Hospital but that the execution of such order be suspended until the said superintendent shall deliver the petitioner to the custody of the Probate Court of Cuyahoga County, Ohio, to be proceeded against according to law, and this delivery of the person of the petitioner shall be acknowledged with a receipt therefor by the Probate Court of Cuyahoga County, Ohio, or an officer thereof. The delivery of the person of the petitioner to the Probate Court of Cuyahoga County, Ohio, and the receipt for such delivery shall be accomplished on or before ten days after the journalizing of the order and judgment in accordance with this opinion.

*Judgment accordingly.*

MIDDLETON, P. J., JACKSON and GUERNSEY, JJ., concur.