Commonwealth ex rel. Swann, Appellant, *v.* Shovlin.

Submitted November 9, 1965. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Charles Swann,* appellant, in propria persona.

*David M. Boyd,* District Attorney, for appellee.

*Burton R. Laub,* for amicus curiae, submitted a brief.

OPINION BY MR. JUSTICE ROBERTS, September 27, 1966:

In 1949, relator, Charles Edmond Swann, was tried in the Court of Quarter Sessions of Westmoreland County and convicted of assault and battery, aggravated assault and battery, and assault and battery with intent to kill. As a result, he was sentenced to a term of imprisonment of 3 to 7 years and transferred to Western State Penitentiary for confinement.

Shortly thereafter, a petition was filed by the appropriate prison authority in the Court of Quarter Sessions of Westmoreland County averring that relator was suffering from a psychiatric disorder which re-

quired his removal to an institution for the mentally ill.[1] Acting on the petition, the court appointed two physicians to inquire into relator's condition.[2] The physicians, after examination, reported to the court that relator suffered "from a psychosis, possibly paranoid type schezophrenia [sic] with mental deficiency" and recommended treatment and confinement in a psychiatric institution. On the basis of the report and recommendation of the examining physicians, the court entered an order committing relator to Farview State Hospital where he remains confined.[3]

On March 31, 1964, relator filed a petition for a writ of habeas corpus in the Court of Common Pleas of Westmoreland County challenging his continued confinement. The petition alleged both present competency and irregularities in the procedure by which relator was committed to Farview as grounds for relief.[4] Pursuant to §351 of The Mental Health Act of 1951,

[1] The operative events occurred prior to the enactment of The Mental Health Act of 1951, Act of June 12, 1951, P. L. 533, 50 P.S. §§1071-1622, and were governed by The Mental Health Act of 1923, Act of July 11, 1923, P. L. 998. See §308 of the Act of 1923, P. L. 998 which provides: "When any person detained in . . . prison . . . undergoing sentence . . . shall, in the opinion of the superintendent, jail physician, warden, or other chief executive officer of the institution . . . be insane, or in such condition as to make it necessary that he be cared for in a hospital for mental diseases, the said . . . [party] shall immediately make application . . . to a law judge of the court . . . under whose order he is detained, for commitment of said person to a proper hospital for mental diseases. . . ." Compare §344 of The Mental Health Act of 1951, Act of June 12, 1951, P. L. 533, as amended, 50 P.S. §1224 (Supp. 1965).

[2] See Act of July 11, 1923, P. L. 998, §308, now governed by the Act of June 12, 1951, P. L. 533, §345, as amended, 50 P.S. §1225.

[3] Ibid.

[4] The term "present competency" is here employed to denominate a state of mind which would no longer justify detention.

Act of June 12, 1951, P. L. 533, as amended by the Act of August 14, 1963, P. L. 895, §3, 50 P.S. §1241 (Supp. 1965), the court transferred the petition for disposition to the Court of Common Pleas of Wayne County, "the common pleas court of the county where . . . [relator] is detained." The latter court summarily dismissed the petition, refusing to entertain it for failure to comply with "the minimum standards set forth in the Rules of Court of Wayne County." On appeal, the Superior Court affirmed per curiam.[5] We allowed relator's petition for allocatur.

Section 155 of the Rules of Court of Wayne County provides: "Whenever a person shall have been declared mentally incompetent or legally committed to an institution for the insane within the Commonwealth of Pennsylvania, no document purporting to be a Petition for a Writ of Habeas Corpus on his behalf will be recognized as such unless one of the following conditions exists: (a) The document be submitted by a person presumably sane acting as guardian ad litem or next friend of the person seeking the writ, setting forth in said document facts upon which a Writ of Habeas Corpus is sought and verifying the facts therein by oath or affirmation. (b) The document be presented by a member of the Bar of this Court. (c) The document be accompanied by a certificate of a duly licensed physician or psychiatrist of the Commonwealth of Pennsylvania to the effect that the petitioner is now mentally competent and able to responsibly relate and verify the facts set forth in the petition. (d) Submission of proof to the Court sufficient to rebut the presumption of present lack of mental competency on the part of the petitioner and to establish prima facie that the petitioner is competent to relate the facts upon which he

---

[5] *Commonwealth ex rel. Swann v. Shovlin*, 205 Pa. Superior Ct. 717, 207 A. 2d 595 (1965) (JACOBS and HOFFMAN, JJ., dissenting).

seeks to have a Writ of Habeas Corpus issued and to verify the same."

Since relator's petition for habeas corpus was presented pro se, compliance was not had with either §155(a) or (b) of the Rules of Court of Wayne County. Under such circumstances, §155 required that the petition be accompanied by the certificate set forth in subsection (c), or, in lieu thereof, the submission provided for in subsection (d). No such documents accompanied relator's petition. Thus, treating the petition as defective, the court refused to consider relator's application for relief on the merits. In this the court erred. In light of the nature of the petition, we are of the view that the court's insistence on compliance with §155 constituted an impermissible abridgement of relator's substantive right to petition for habeas corpus and was improper.

The record reveals that relator's 1949 sentence has expired and that his continued confinement results solely by reason of his commitment to Farview State Hospital.[6] If the order of commitment, because of some irregularity which rendered the proceedings void, was unlawful, relator's present confinement is without authority of law and he is entitled to have the writ issue. Cf. *Overholser v. Williams,* 252 F. 2d 629 (D.C. Cir. 1958); *Dooling v. Overholser,* 243 F. 2d 825 (D.C. Cir. 1957); *Overholser v. Treibly,* 147 F. 2d 705 (D.C. Cir.), cert. denied, 326 U.S. 730, 66 S. Ct. 38 (1945); *Howard v. Overholser,* 130 F. 2d 429 (D.C. Cir. 1942); *Barry v. Hall,* 98 F. 2d 222 (D.C. Cir. 1938); *In re Johnson,* 59 Cal. 2d 644, 381 P. 2d 643 (1963); *Ex Parte Higgins for Mary E. Moynihan v. Hoctor,* 332 Mo. 1022, 62 S.W.

[6] The record does not reveal any action on the part of the authorities upon which relator's present detention may be predicated beyond his initial commitment to Farview and we must assume that the sole authority for his detention is contained in the original order of commitment.

2d 410 (1933); *State ex rel. Parsons v. Bushong,* 92 Ohio App. 101, 109 N.E. 2d 692 (1945). And, while a strong showing of present incompetence might justify the habeas corpus court in conditioning the writ to permit detention pending institution of proper proceedings, see *Overholser v. Treibly,* supra; *Barry v. Hall,* supra; *State ex rel. Parsons v. Bushong,* supra, relator may not be required to place his present mental status in issue in order to challenge the validity of the commitment proceedings. Cf. *Overholser v. Williams,* supra; *Dooling v. Overholser,* supra; *Overholser v. Treibly,* supra; *Howard v. Overholser,* supra; *Barry v. Hall,* supra.

. Accordingly, the habeas corpus court could not insist on compliance with §155(c) or (d) of the Rules of Court of Wayne County. The relevance of the requirements therein contained being limited to cases in which relief is sought solely on the ground of present competence, §155(c) and (d) have no application in the present proceeding.

Our conclusion that noncompliance with §155(c) or (d) of the Rules of Court of Wayne County may not justify the refusal to entertain relator's petition on the merits is supported by a consideration of §§351 and 604 of the Act of 1951. Section 604 provides: "(a) Any patient or person acting on his behalf may petition the court which committed him or the court of common pleas of the county where he is detained for an order of discharge on the ground that his continued hospitalization is not warranted by reason of mental illness, mental deficiency, epilepsy or inebriety. The petition shall be in writing and shall be sworn to or affirmed and shall be accompanied by an affidavit of a qualified physician stating that he has examined the patient and is of the opinion that the patient is not mentally ill, mentally defective, epileptic or inebriate within the meaning of this act.

"Upon receipt of such petition, the court shall conduct a hearing to determine the question of the patient's mental illness, mental deficiency, epilepsy or inebriety: Provided, That a court which committed the patient may transfer the petition for hearing and disposition to the court of common pleas of the county where the patient is detained. The burden of proof shall rest upon the persons responsible for the patient's continued hospitalization.

"Upon conclusion of the hearing, the court may dismiss the petition or may make such other order as the court may deem appropriate including, but not being limited to, an order: (1) In the case of a patient who has been convicted of a crime and whose sentence has not expired, that he be confined in a penal or correctional institution; (2) In the case of a patient who has been charged with a crime for which he has not been tried, that he be held for disposition of the charges against him; (3) In the case of a patient who has been convicted and committed to a mental institution in lieu of sentence or a patient who has been convicted but whose sentence has expired or a patient against whom no criminal charge is pending or who has not been convicted of a crime, that he be discharged or be granted a leave of absence subject to such conditions as the court may deem appropriate." Act of June 12, 1951, P. L. 533, as amended, 50 P.S. §1304 (Supp. 1965). The Act further provides, in §351, that "Every person committed or involuntarily admitted to or detained in an institution subject to the provisions of this act or any one acting on his behalf may at any time petition for a writ of habeas corpus . . . ." Act of June 12, 1951, P. L. 533, as amended, 50 P.S. §1241 (Supp. 1965).

At the outset, it should be noted that petitions for discharge under §604 must be accompanied by an affidavit attesting to the present competency of the peti-

tioner. In this respect, §604 imposes a prerequisite to consideration of petitions filed thereunder comparable to that contained in §155(c) and (d) of the Rules of Court of Wayne County. Section 351 of the Act imposes no such requirement.

In considering the relationship between §§351 and 604 of the Act, we are of the view that the latter was intended by the Legislature to be the exclusive method by which release on the ground of present competency could be sought and that §604 represents the interposition of a statutory remedy which displaces habeas corpus for this limited purpose.

While the doctrine has developed that a court may, absent unusual circumstances or an intervening change of law, refuse to entertain a contention which has been fully considered on a prior petition for habeas corpus, *Commonwealth ex rel. Bordner v. Russell*, 422 Pa. 365, 369-70, 221 A. 2d 177, 179 (1966), that doctrine has no application where release from a mental institution is sought on the basis of present competency; the possibility that the petitioner has been restored to mental health since his previous petition was considered precludes summary dismissal of consecutive petitions on this basis.

Absent the submission requirement of §604, any petition, although consecutive and frivolous, which contained the bare, self-serving allegation of present competency would require judicial action, a profligate expenditure of our already overburdened judicial resources. By requiring that the petitioner plead, other than through his own allegations, a prima facie case for relief, §604 seeks to avoid the imposition on our courts which would otherwise result from consecutive, frivolous petitions by persons detained subject to the Act of 1951.

Article I, §14 of the Constitution of Pennsylvania contains the direction that "the privilege of the writ of

habeas corpus shall not be suspended . . . ." In construing that provision, this Court has said that the Legislature may not encumber access to habeas corpus in a fashion which results in a "practical deprivation" of that right. *Commonwealth ex rel. Greevy v. Reifsteck,* 271 Pa. 441, 445, 115 Atl. 130, 132 (1921).

While we recognize that §604, by displacing habeas corpus where relief is sought solely on the ground of present competency, limits access to the writ, we are of the view that the circumstances previously noted warrant the limitation thereby imposed and preclude this Court from concluding that §604 is in conflict with Article I, §14 of the Constitution.

It should be noted, however, that §801 of the Act of 1951 implements §604 by prescribing a procedure whereby a person detained subject to the Act may secure examination by a physician of his own choice or by a physician not associated with the Commonwealth. Act of June 12, 1951, P. L. 533, as amended, 50 P.S. §1481 (Supp. 1965). Thus, the Act ensures that one seeking discharge pursuant to §604 may secure examination and, if found competent, the submission required to accompany the petition thereto. While we have said that the Legislature was free to establish §604 as the exclusive method for challenging confinement on the ground of present competency, nothing we have said should be taken to suggest that habeas corpus would not lie where facts are alleged, which if proved, would establish a violation of §801.

In the instant case, had relator alleged present competency as the sole ground for relief, the court below would have been required to treat the petition as one arising under §604. In such case, a summary disposition, whether denominated as for failure to comply with the affidavit requirement of §604 or for failure to comply with §155(c) or (d) of the Rules of Court of Wayne County, would have been in order. However,

since the petition alleged grounds for relief other than present competency, relator was not limited to proceeding by §604 but was free to petition for habeas corpus, as provided by §351 of the Act. And although the court below was free to promulgate rules of court for the conduct of its business, see Act of June 21, 1937, P. L. 1982, 17 P.S. §61 et seq., such rules may not abridge relator's substantive rights. See ibid. Thus, the substantive right to petition for habeas corpus, as provided by §351 of the Act, could not be limited by a local rule of court. The Legislature, by limiting the submission requirement contained in §604 to petitions thereunder, has by implication directed that §351 petitions may not be foreclosed by reason of present incompetence. In light of the allegations of relator's petition, the insistence of the habeas corpus court on compliance with §155(c) or (d) of its rules of court is in conflict with that direction and was improper.[7]

Thus, we are left confronted with relator's failure to comply with subsection (a) or (b) of §155 of the court's rules. In concluding that noncompliance with §155(a) or (b) may not preclude consideration of relator's petition, we take note that §351 of the Act of 1951 explicitly provides that "every person" detained thereunder, as well as "one acting on his behalf" may petition for a writ of habeas corpus. The Act, therefore, ensures that persons detained subject to its provisions may petition for habeas corpus on their own behalf. Moreover, even in the absence of the statutory phrasing of §351, we would be reluctant to sanction a

---

[7] We are unable to construe §155(c) and (d) of the Rules of Court of Wayne County as designed merely to screen out unintelligible petitions, since the court was inherently empowered to summarily dispose of such petitions.

The approach here taken forecloses the necessity of considering the validity of §155(c) and (d) in light of Article I, Section 14 of the Constitution of Pennsylvania.

rule of procedure which would require that one seeking habeas corpus act through an intermediary in order to secure consideration of his grievance. In our view, such a requirement would deprive relator of the important personal right to petition for habeas corpus on his own behalf. The purpose of the writ would be disserved were persons restrained of liberty precluded from seeking habeas corpus unless able to secure representation of counsel or the good offices of a guardian or next of friend.[8] Accordingly, §155(a) and (b) of the Rules of Court of Wayne County, by limiting the personal right to petition for habeas corpus, constitutes an impermissible restraint on that right and was beyond the court's power to promulgate under the Act of June 21, 1937, P. L. 1982, 17 P.S. §61 et seq.

The peculiar circumstances of the instant case present us with another ground for concluding that the habeas corpus court erred in summarily dismissing relator's petition. As previously noted, relator's 1949 sentence has expired and his continued detention in Farview arises by reason of his commitment pursuant to The Mental Health Act. Our examination of the provisions of the Act which govern the disposition of persons detained thereunder whose commitment occurred while subject to a criminal sentence which has

---

[8] Cf. *United States v. Plattner*, 330 F. 2d 271 (2d Cir. 1964). It should be noted that we consider here merely the question of whether relator's right *to petition* pro se for habeas corpus may be limited as provided in §155(a) and (b) of the Rules of Court of Wayne County. We are not confronted and express no view with respect to relator's right *to represent* himself in the actual proceedings.

Our disposition makes it unnecessary for us to consider the validity of §155(a) and (b) under the fourteenth amendment to the Constitution of the United States, in light of the failure of the Rules to provide for the appointment of counsel for indigents. Cf. *Douglas v. California*, 372 U. S. 353, 83 S. Ct. 814 (1963) ; *Gideon v. Wainwright*, 372 U. S. 335, 83 S. Ct. 792 (1963).

since expired raises serious constitutional questions under the recent decision of the Supreme Court of the United States in *Baxstrom v. Herold,* 383 U. S. 107, 86 S. Ct. 760 (1966). However, we are unwilling to consider those questions without the benefit of briefs and arguments by both parties to the present proceedings. Under the particular circumstances of this case, we are of the view that on remand, the habeas corpus court should appoint counsel to represent relator both for the presentation of the contentions advanced in his petition and any issue respecting his confinement which may have arisen by reason of the *Baxstrom* decision.[9]

The order of the Superior Court is reversed and the record remanded to the Court of Common Pleas of Wayne County for proceedings consistent with this opinion.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[9] This Court has been aided by the comprehensive and scholarly amicus brief filed by the Dickinson School of Law. We express our appreciation to those who participated in the preparation of the brief and commend them for the quality of their endeavor.