## Commonwealth v. Sisak, Appellant.

Argued September 14, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Peter J. Webby,* Public Defender, for appellant.

*R. Kane,* Assistant District Attorney, with him *Arthur L. Piccone,* First Assistant District Attorney, and *Thomas E. Mack,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 21, 1967:
Judgment of sentence affirmed.

————

DISSENTING OPINION BY HOFFMAN, J.:

In my opinion, the lower court erred in refusing to accept defendant's points for charge. In this case, defendant, Frank John Sisak, was charged with burglary and larceny. At the trial of his case, one Arthur Dwyer testified for the Commonwealth. The lower court and Commonwealth agree that Dwyer could have been indicted as an accessory after the fact, but not as a principal.

After the completion of closing arguments to the jury, defense counsel submitted points for charge to the effect that the testimony of Dwyer was tainted and should be carefully scrutinized by the jury. The lower court refused to submit this charge to the jury.

On appeal, the Commonwealth presents three arguments in defense of the lower court's action:

(1) The points were not submitted in accordance with local rules of court;

(2) the charge need not be given with respect to an accessory after the fact; and

(3) even if such a charge was required, the court's failure in this regard is not reversible error in the absence of an abuse of discretion.

Each of these points must be considered separately.

Rule No. 226 of the Courts of Common Pleas and Quarter Sessions of Luzerne County provides:

"(a) Points for charge must be submitted by counsel upon the completion of the testimony, and before beginning the closing arguments to the jury, and must contain the authority therefor."

In the instant case, trial counsel was from another jurisdiction and not familiar with the local rules of Luzerne County. Accordingly, as was his standard practice, he submitted his points for charge after the closing arguments.

I find no reference in the opinion of the lower court which would reflect that it refused the points for charge for this reason. To base a refusal on this ground, however, would, in my opinion, constitute an abuse of discretion. Local rules may be promulgated to assist the court and to further justice. They may not be used, as a device whereby criminal defendants are denied substantial rights. See *Commonwealth ex rel. Swann v. Shovlin*, 423 Pa. 26, 223 A. 2d 1 (1966).

When the liberty of a criminal defendant is at issue, local rules must give way to concepts of justice and right. Here, it was clear that defense counsel failed to submit his points for charge at the appropriate time only because he was unfamiliar with a particular local rule. Under such circumstances, the court was duty-bound to accept and consider those points.

The Commonwealth's next contention is, in my opinion, similarly without merit. The Commonwealth argues that the court need not charge the jury to scrutinize the testimony of an accessory after the fact, because he is not an accomplice. In this regard, it points out that the test of determining if one is an

accomplice of the accused on trial is whether he could be indicted and punished for the crime with which the accused is charged. See The Penal Code, Act of June 24, 1939, P. L. 872, §1105, as amended, 18 P.S. §5105. All of the cases to which both defendant and the Commonwealth have directed our attention relate only to whether the accomplice was either a principal or an accessory before the fact. The opinions of our courts have specifically addressed themselves only to those people who were wholly unrelated to the crime charged and not to accessories after the fact. I can perceive no substantial, logical or legal reason however for distinguishing between the careful scrutiny which must be given to the testimony of the principal and that of the accessory after the fact. The latter, while subject only to a misdemeanor charge, is, nonetheless, involved in the very crime for which defendant is charged. His motives for testifying, *whether as Commonwealth or defense witness,* are highly suspect in light of his precarious situation. To suggest that his credibility is not in doubt is unrealistic and without foundation in common sense. Accordingly, I would hold that the court must instruct the jury to scrutinize the testimony of the accessory after the fact carefully in light of his situation.

Finally, the Commonwealth argues that while it is a common practice to warn the jury as to the care they should take in weighing such testimony, failure to so instruct is not reversible error unless a clear abuse of judicial discretion is shown, citing *Commonwealth v. Bruno,* 316 Pa. 394, 175 A. 518 (1934). The Commonwealth misconstrues the law in this regard. Failure to so charge is not necessarily reversible error only if counsel does not request such a charge. As the Supreme Court stated in *Commonwealth v. Turner,* 367 Pa. 403, 80 A. 2d 708 (1951), however, "[W]here the

court is specifically requested to so charge, a refusal is error."

I would hold, therefore:

(1) That, in the circumstances of this case the court was duty-bound to consider the charge requested, despite local court rules;

(2) That the charge, while relating only to an accessory after the fact, was proper, and the court should have so charged; and

(3) The failure of the court to so instruct the jury constituted reversible error.

Accordingly, I would vacate the judgment of sentence and grant a new trial.

SPAULDING, J., joins in this dissenting opinion.