## Werner et vir v. Werner Donaldson Transfer & Storage Co.

*Louis Vara*, for plaintiffs.

*Edward G. O'Connor*, for defendants.

SILVESTRI, J., January 24, 1972.—The within action in assumpsit was heard by a board of arbitrators pursuant to Act of June 16, 1836, P. L. 715, sec. 8.1, as amended, 5 PS §30.

After hearing, the arbitrators on the eighth day of November 1971, entered an award for defendant.

On November 15, 1971, plaintiff filed a notice of appeal with the Prothonotary of Allegheny County together with her affidavit setting forth it was not for the purpose of delay but because she believes an injustice was done, she paid all the accrued costs, filed an appeal bond with herself as principal and Transamerican Insurance Co. as surety in the amount of $200 and repaid to the County of Allegheny the fees of the board of arbitrators.

Plaintiff did not serve a copy of the notice of appeal upon defendant.*

Defendant filed his petition to quash the appeal by reason of plaintiff's failure to serve notice of appeal

---

* At argument hereon, counsel for defendant stated that his first knowledge that an appeal was filed was when after 20 days from the date of award he attempted to enter judgment thereon.

upon him as required by Local Rule 306A(1), to which plaintiff filed an answer. The foregoing facts are admitted by the petition and answer.

The Act of June 16, 1836, P. L. 715, sec. 27, as amended, 5 PS §71, provides as follows:

"Parties may appeal

"Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions viz.:

"I. The party appellant, his agent, or attorney, shall make oath or affirmation, that 'it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done.'

"II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action.

"III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

"IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.

"V. In all cases under section 8.1 hereof, any party appealing shall first repay to the county the fees of the members of the board of arbitrators herein provided for, but not exceeding fifty percent of the amount in controversy. The balance of the arbitrators' fees shall be absorbed and paid by the county. Such fees shall not be taxed as costs or be recoverable in any proceeding. All appeals shall be de novo."

Rule 306, Appeals, A, of the Rules of the Common Pleas Court of Allegheny County provides:

"Appeals

"A. Any party may appeal from the action of the Board of Arbitration to the Court of Common Pleas

of Allegheny County. The right of appeal shall be subject to the following conditions, all of which shall be complied with within twenty (20) days after the award of the Board is filed with the Deputy Prothonotary for Arbitration.

"1. The appellant shall pay an appeal fee of Ten and 50/100 ($10.50) Dollars and *shall file with the Prothonotary a notice of appeal, and serve a copy thereof upon the adverse party or his counsel;* the appellant also shall file an affidavit that the appeal is not taken for delay, but because he believes an injustice has been done; the appellant shall file a recognizance bond with sufficient surety in double the amount of costs likely to accrue conditioned for the payment of all costs that may be legally recovered in such case against the appellant."

Subsection 2 and 3 under section A, and section B of Rule 306 merely restate the other provisions as set forth in the Act of 1836, supra.

Plaintiff filed her appeal within 20 days of the arbitrators' award.

The condition that appellant ". . . shall file with the Prothonotary a notice of appeal, and serve a copy thereof upon the adverse party or his counsel" appears in the Rule of Court; no such requirement is set forth in the Act of June 16, 1836, section 27, supra.

The Act of June 16, 1836, P. L. 784, sec. 21, 17 PS §2076, rules of common pleas, provides:

"Each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary or proper: Provided, That such rules shall not be inconsistent with the Constitution and laws of this Commonwealth."

The Constitution of Pennsylvania, Article I, sec. 6, provides:

"Trial by jury

"Trial by jury shall be as heretofore, and the right thereof remain inviolate."

It has long been recognized that courts, even in the absence of any statutory provision, have the inherent power to make their own rules of practice and procedure to facilitate the transaction of their business and to promote the orderly and expeditious administration of justice for the benefit of the parties as well as for the benefit of the courts, provided such rules are not contrary to law or unreasonable: Smith v. Ellwood City Ice Co., 311 Pa. 147, 166 Atl. 560 (1933); Gannon v. Fritz, 79 Pa. 303 (1875); Coleman v. Nantz, 63 Pa. 178 (1869); Frank v. Colhoun, 59 Pa. 381 (1868); Wickersham v. Russell, 51 Pa. 71 (1865).

The Act of June 21, 1937, P. L. 1982, sec. 2, as amended, 17 PS §62, provides that local rules "shall not be inconsistent with . . . said general rules prescribed by the Supreme Court, which latter are required by section 1 of the same statute, 17 PS §61, to be consistent with the Constitution and not to abridge, enlarge or modify the substantive rights of any litigant." The function of the several Courts of Common Pleas of this Commonwealth is to interpret and apply the law as enacted by the legislature and enunciated by the appellate courts. Their function is not to make, promulgate or enact laws for the governing of society or party litigants. Accordingly, in the formulation of rules of court, such rules must be limited to practice and procedure in the handling and administering of the cases which come before the court. Local rules of court must be consistent with the Constitution and may not abridge, enlarge, or modify the substantive and procedural rights of any litigant: Commonwealth

ex rel. Swann v. Shovlin, 423 Pa. 26, at 35, 223 A. 2d 1 (1966).

The Constitution, supra, guarantees a jury trial to all its citizens in civil cases: Lauman v. Young, 31 Pa. 306, 310 (1858); Kaplan v. Baron, 68 Pa. Superior Ct. 514 (1917). In enacting the arbitration statute, the legislature was aware of the constitutional mandate and in recognition thereof provided that either party may appeal from an award of arbitrators, listing the conditions under which an appeal may be taken and further providing that all appeals shall be de novo.

When the appeal is perfected under the arbitration statute, it is heard de novo as though no prior hearing of any kind was had and the parties are entitled to a jury trial if they so desire: Bell v. Shetrom, 214 Pa. Superior Ct. 309, 257 A. 2d 323 (1969); Lanigan v. Lewis, 210 Pa. Superior Ct. 273, 232 A. 2d 50 (1967).

The local rule of court, 306 A.(1), supra, adds a condition to the right of appeal from an arbitration award not founded in the act of the legislature, namely, "the appellant . . . shall file with the Prothonotary a notice of appeal, and serve a copy thereof upon the adverse party or his counsel."

Viewing the local rule in light of the power of the courts to make their own rules of practice and procedure to facilitate the transaction of their business and to promote the orderly and expeditious administration of justice, the rule fails. The sole purpose of the foregoing section of the rule is to let the adverse party or his counsel know that an appeal has been filed. Insofar as the court and the court's business is concerned, once the appellant has complied with the requisites of the statute to perfect the appeal, all that remains to be done is to schedule the matter for a hearing. Giving notice of filing an appeal from the award of

arbitrators may be a convenience to the adverse party or his counsel, that is, saving them the time of checking the docket after the expiration of 20 days from the date of the arbitrators' award. However, such giving of notice in no way facilitates the court's business or promotes the orderly and expeditious administration of justice; if it does anything, it only adds several steps in paper work for the parties and/or their attorneys and court personnel and takes judicial time in considering motions such as this.

If the local rule is to have meaning, when one fails to file and/or serve a copy of notice of appeal on the adverse party or his counsel the enforcement thereof would require the quashing of the appeal as is sought by defendant in the instant action. To quash the appeal under these circumstances would effectively deny appellant his right to a jury trial under the Constitution.

Accordingly, we hold that that portion of Local Rule 306A(1) providing "the appellant . . . shall file with the Prothonotary a notice of appeal and serve a copy thereof upon the adverse party or his counsel;" does not implement the Act of June 16, 1836, sec. 27, as amended, 55 PS §71, that it abridges the substantive rights of the parties litigant and is null and void.

The petition to quash the appeal will be denied.

ORDER

And now January 24, 1972, upon consideration of defendant's petition and the answer thereto, after argument and the briefs of the parties, it is ordered and decreed that defendants' petition to quash the appeal of plaintiff be and is hereby denied.