OPINION
 "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT IS A SEXUAL PREDATOR AND IN ORDERING HIM TO OBEY THE DICTATES OF R.C. CHAPTER 2950 AS THEY APPLY TO SEXUAL PREDATORS."
The following facts are relevant to this appeal. On March 13, 1997, appellant was indicted on two counts of burglary in violation of R.C 2911.12(A)(1) and R.C 2911.12(A)(2) and one count of sexual imposition in violation of R.C 2907.06(A)(3). On May 15, 1997, appellant withdrew his former pleas of not guilty and entered pleas of guilty to each count. On June 12, 1997, at his sentencing hearing, appellant was sentenced to consecutive eight year terms for each of the burglary counts and to sixty days for the sexual imposition count, to be served concurrently with the sentences for the burglaries. At the hearing, the court, after asking appellant and his counsel if they wished to proceed with the hearing as to the sexual predator issue and after asking appellant if he wished to contest the issue, found appellant to be a sexual predator. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that the trial court erred in finding him to be a sexual predator because the trial court lacked subject matter jurisdiction to make this determination. Appellant argues that the trial court lacked subject matter jurisdiction because he was neither charged with nor convicted of a "sexually oriented offense." Appellant argues that a conviction of or guilty plea to a "sexually oriented offense" as defined in R.C. 2950.01(D) is a predicate to determining whether a person is a sexual predator. Therefore, because the predicate did not occur, the trial court lacked jurisdiction to make the determination. This court finds merit in appellant's argument.
Subject matter jurisdiction has been described as follows:
 "Subject-matter jurisdiction is the power conferred upon a court, either by constitutional provisions or by the legislature, to decide a particular matter or issue on its merits. Jurisdiction of the subject matter defines the competency of a court to render a valid judgment in a particular action. Thus, the requirement of subject-matter jurisdiction cannot be waived, nor can the parties to an action confer the requisite jurisdiction on the court either by their conduct or consent. * * *
 "* * * [I]t is essential to the exercise of jurisdiction in any action that both the right asserted and the relief sought be within the cognizance of the court as fixed by the Ohio Constitution and the laws of this state. * * *" 22 Ohio Jurisprudence 3d (1998) 363-64, Courts and Judges, Section 247. See, also, Seventh Urban, Inc., v. University Circle Property Dev., Inc.
(1981), 67 Ohio St.2d 19.
As stated by the court in State ex rel. Parsons v.Bushong (1945), 92 Ohio App. 101, 106:
 "Excess of jurisdiction may be defined as the state of being beyond or outside the limits of jurisdiction as distinguished from the entire absence of jurisdiction. Although the proceedings are within the general jurisdiction of the court, its judgments are void with respect to a particular case because the conditions which alone authorize the exercise of the jurisdiction in that particular case are wanting, and hence the judicial power is not in fact lawfully invoked. Thus, a court may have jurisdiction of the subject matter and the party but its acts and order may nevertheless be in excess of its jurisdiction, as being something which it has no power to do and in this manner any act of the court in violation of statutory requirements may be considered to be in excess of jurisdiction. 21 Corpus Juris Secundum, 37, Courts, Section 25."
In reaching the conclusion that a sentence not provided for by law is void, the Ohio Supreme Court stated in Colegrove v.Burns (1964), 175 Ohio St. 437, 438:
 "* * * Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute. A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law. * * *"
See, also, Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus (A judgement rendered by a court lacking subject matter jurisdiction is void ab initio.); State v. Beasley
(1984), 14 Ohio St.3d 74, 75 ("Any attempt by a court to disregard statutory requirements when imposing a sentence renders the attempted sentence a nullity or void.").
Appellant accurately argues that he was neither charged with nor convicted of a "sexually oriented offense." Sexual imposition, R.C. 2907.06(A)(3), is not listed in R.C. 2950.01(D) as a "sexually oriented offense." A conviction of or guilty plea to a "sexually oriented offense" as defined in R.C. 2950.01(D) is a predicate to a sexual predator determination. Therefore, because the predicate did not occur, the trial court lacked jurisdiction to make a sexual predator determination.
The state argues that appellant's failure to present his argument below constitutes waiver. This court disagrees. A void judgment may be challenged at any time. International Lottery,Inc. v. Kerouac (1995), 102 Ohio App.3d 660, 665. A void judgment is a nullity. State v. Beasley, 14 Ohio St.3d at 75. Such a judgment "can be attacked by motion, on appeal, or collaterally without time restrictions." In re Murphy (1983), 10 Ohio App.3d 134,138. Moreover, a reviewing court has inherent power to vacate a void judgment. Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus.
Accordingly, appellant's single assignment of error is found well-taken.
On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. Appellee is ordered to pay the court costs.
JUDGMENT REVERSED.
 Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.