DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, Probate Division. There, the court determined that appellant was mentally ill and required him to be hospitalized and medicated. Because we conclude that appellant was not prejudiced by any alleged lack of notice, we affirm the trial court's judgment.
Appellant, Gregory C., had been incarcerated in the Wood County Justice Center on criminal charges. While incarcerated, he exhibited unusual and erratic behaviors and was later transferred to a mental health facility. On December 21, 2000, the probate court held a competency hearing to determine whether appellant was a mentally ill person. Appellant and his appointed counsel were present. Appellant, however, refused the aid of counsel and chose to represent himself. Testimony was elicited from appellant's father and the physician who treated appellant at the mental health facility. Appellant cross-examined witnesses and then made a lengthy statement to the court.
As a result of this testimony, the court found appellant to be a mentally ill person needing hospitalization for a period of ninety days. Upon hearing the court's decision, appellant became agitated and chose to leave the courtroom. His court appointed counsel remained to represent him. In a bifurcated hearing, the court then determined that appellant needed and would be required to take certain medications during his hospitalization.
Appellant now appeals that decision, setting forth the following sole assignment of error:
 "THE PROBATE COURT ERRED BY NOT PROVIDING RESPONDENT PROPER NOTICE OF HEARING AS REQUIRED BY OHIO REVISED CODE SECTION 5122.12."
Whether or not appellant received notice of his hearing pursuant to R.C. 5122.12 is jurisdictional and must be addressed on appeal even if the issue was not raised in the probate court. See In Re Bartlett
(1958), 108 Ohio App. 93; State ex rel. Parsons v. Bushong (1945),92 Ohio App. 101.
R.C. 5122.12 provides that notice shall be given to the allegedly mentally ill person and other interested parties, including the counsel for the respondent. Nevertheless, the Supreme Court of Ohio has stated that "Ohio's notice and hearing requirements do not mandatorily require personal notice of a hearing to an individual (R.C. 5122.12 * * *) * * *."In re Fisher (1974), 39 Ohio St.2d 71, 79. Additionally, in order to reverse a decision on the basis of an alleged notice error, the respondent must show prejudice to him. See In re Goss (Oct. 7, 1992), Summit App. No. 15508, unreported.
In the present case, appellant contends that he was not given notice of the hearing. However, the record reveals that several days before the hearing appellant told hospital personnel that he intended to represent himself at the hearing. At the hearing, appellant's main complaint was not that he did not have notice, but that he was allegedly denied access to information and legal research materials which would have allowed him to prepare a defense. Thus, even if appellant did not receive written notice, he clearly knew of the impending hearing.[1]
Moreover, we can discern no prejudice from any alleged lack of written notice. Appellant and his appointed counsel attended the hearing. Appellant's position was fully represented. Despite his refusal to accept counsel for the first stage of the hearing, appellant had appointed counsel to protect his interests. Therefore, the probate court properly exercised its jurisdiction.
Accordingly, appellant's sole assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas, Probate Division, is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J. CONCUR.
[1] We can find nothing in the record indicating that appellant was officially served with notice by mail. While this does not mean he was not notified in some way, the better practice would be for the court to document how notice was given.