OPINION
{¶ 1} Plaintiff-appellant Jerry Wilkins appeals from a civil protection order, contending that the trial court was without authority to impose restrictions upon him, the petitioner, because defendant-appellee Pamela Wilkins, the respondent, had not filed a separate petition for a civil protection order, as required by R.C. 3113.31(E)(4) for the issuance of a bilateral civil protection order imposing restrictions upon a petitioner. We agree. Accordingly, that part of the civil protection order issued by the trial court imposing restrictions upon Jerry Wilkins is reversed and vacated. In all other respects, the civil protection order is affirmed.
 I {¶ 2} Jerry Wilkins filed a petition for a domestic violence civil protection order alleging that his spouse, Pamela Wilkins, had harassed him by telephone, and had threatened him and his family with physical harm. A divorce action was pending between the Wilkinses.
 {¶ 3} Pamela Wilkins, the respondent, never filed her own petition for a civil protection order.
 {¶ 4} Jerry Wilkins' petition was heard by a magistrate on June 10, 2003. Jerry Wilkins was represented by counsel; Pamela Wilkins, who was present and who testified, was not.
 {¶ 5} Two days later, on June 12, 2003, a civil protection order was entered, imposing various restrictions against Pamela Wilkins, the respondent. Pamela Wilkins filed objections to this order, contending, among other things, that the order should have been a mutual order of protection, because the magistrate had expressed his intention at the hearing to make the order mutual, and Jerry Wilkins did not object.
 {¶ 6} Although the trial court found Pamela Wilkins' other objections to the order not to be well-taken, the trial court found her objection to the fact that the order was not an order of mutual protection to be well-taken, because the transcript of the hearing before the magistrate reflected that the magistrate had expressed an intention to make the order mutual, to which no objection was interposed. Specifically, by entry filed August 28, 2003, the trial court ordered the following:
 {¶ 7} "Upon consideration of all matters in the case, the Court sustains the objections of Defendant in part. In doing so the Court adopts the Decision of the Magistrate in part and modifies the Magistrate's Decision so that the Civil Protection Order requires each party to refrain from having any contact with the other party."
 {¶ 8} From this order of the trial court, Jerry Wilkins appeals.
 II {¶ 9} Jerry Wilkins' sole assignment of error is as follows:
 {¶ 10} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT ALTERED THE MAGISTRATE'S DECISION TO ISSUE A CIVIL PROTECTION ORDER AGAINST THE APPELLANT WHEN NO PETITION FOR SUCH HAD EVER BEEN FILED BY THE APPELLEE. THE TRIAL COURT WAS WITHOUT JURISDICTION TO DO SO."
 {¶ 11} Pamela Wilkins has not filed a brief.
 {¶ 12} Jerry Wilkins relies upon R.C. 3113.31(E)(4), which provides, in pertinent part, as follows:
 {¶ 13} "A court may not issue a protection order that requires a petitioner to do or to refrain from doing an act that the court may require a respondent to do or to refrain from doing under division (E)(1)(a), (b), (c), (d), (e), (g), or (h) of this section unless all of the following apply:
 {¶ 14} "(a) The respondent files a separate petition for a protection order in accordance with this section.
 {¶ 15} "(b) The petitioner is served notice of the respondent's petition at least forty-eight hours before the court holds a hearing with respect to the respondent's petition, or the petitioner waives the right to receive this notice.
 {¶ 16} "(c). . . .
 {¶ 17} "(d) After a full hearing at which the respondent presents evidence in support of the request for a protection order and the petitioner is afforded an opportunity to defend against that evidence, the court determines that the petitioner has committed an act of domestic violence or has violated a temporary protection order issued pursuant to section 2919.26 of the Revised Code, that both the petitioner and the respondent acted primarily as aggressors, and that neither the petitioner nor the respondent acted primarily in self-defense."
 {¶ 18} Jerry Wilkins contends, and the record bears him out, that Pamela Wilkins, the respondent, never filed a separate petition for a protection order. Based upon our review of the record, we agree with him, also, that the requirements of R.C.3113.31(E)(4)(b) and (d) for the issuance of a mutual civil protection order were not complied with.
 {¶ 19} The trial court based its decision to make the civil protection order mutual upon the following comments made by the magistrate at the hearing, to which neither party made any objection:
 {¶ 20} "The Court: Okay. Well, what the Court's probably going to do is issue maybe a bilateral order. I want him to stay away from you, and his family et cetera, et cetera."
 {¶ 21} ". . . .
 {¶ 22} "The Court: To summarize, do you understand what happened, and I don't mean to be —
 {¶ 23} "Mrs. Wilkins: I understand that they have — you have granted them a civil protection order, and that goes both ways. Is that correct?
 {¶ 24} "The Court: Yes. I'm going to put in there that yeah, he likewise, even though you didn't ask for it, I'm going to put language in there, Mr. Lagos [Jerry Wilkins' counsel], about that. Do you understand that, Mrs. Wilkins?
 {¶ 25} "Mrs. Wilkins: Yes. Yes, I do."
 {¶ 26} There is no question that the requirements of R.C.3113.31(E)(4) for the issuance of a mutual civil protection order were not complied with in this case. If these requirements are not jurisdictional, meaning they can be waived, we would have no hesitancy in finding that Jerry Wilkins' failure to object to the magistrate's repeated expressions of intent to make the order mutual would constitute a waiver.
 {¶ 27} We conclude that the requirement in R.C.3113.31(E)(4)(a) is jurisdictional.
 {¶ 28} ". . . there is no presumption of jurisdiction where a court of general jurisdiction exercises, in a special statutory manner or otherwise than according to the course of the common law, special statutory powers not belonging to it as such court and not within its ordinary jurisdiction, since, under such circumstances, the court stands, with respect to the special powers exercised, on the same footing with courts of limited and special jurisdiction, and the record of such court must show upon its face a full compliance with the requirements in order to obtain jurisdiction." State ex rel. Parsons v. Bushong (1945),92 Ohio App. 101, at 105-106 (Citations omitted).
 {¶ 29} We construe R.C. 3113.31 to represent a specific grant of authority by the Ohio General Assembly to certain common pleas courts specified in division (A)(2) of that section to issue civil protection orders, a power not ordinarily exercisable before the enactment of the statute. The jurisdictional power to issue civil protection orders reposed in those courts by the statute comes with limitations placed upon that jurisdiction. At a minimum, R.C. 3113.31(E)(4)(a) requires that a respondent shall have filed a separate petition for a protection order, as a jurisdictional predicate for the issuance of a protection order that imposes obligations upon the petitioner. Significantly, the subsequent requirement, in R.C. 3113.31(E)(4)(b), of at least forty-eight hours' notice, is expressly subject to the possibility of waiver. No comparable provision for waiver is set forth with respect to the requirement of R.C. 3113.31(E)(4)(a).
 {¶ 30} We conclude that the requirement that a respondent file a separate petition for protection order, as a prerequisite for the issuance of a protection order imposing restrictions upon a petitioner, is a jurisdictional limitation upon the special statutory power conferred by the statute. Consequently, that limitation, being jurisdictional, cannot be waived.
 {¶ 31} Jerry Wilkins' sole assignment of error is sustained.
 III {¶ 32} Jerry Wilkins' sole assignment of error having been sustained, that part of the judgment of the trial court purporting to make the restrictions set forth in the civil protection order apply to Jerry Wilkins, the petitioner, is reversed and vacated. In all other respects, the civil protection order issued by the trial court is affirmed.
Wolff and Grady, JJ., concur.