OPINION
{¶ 1} This is an appeal from a sua sponte order entered in a garnishment proceeding, by the Licking County Municipal Court, vacating a revivor of judgment in favor of Appellee-debtors, Jeffrey and Stephanie Duncan, against Appellant, Credit Acceptance Corp., in which Appellant, by and through counsel, properly waived its appearance
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following facts are pertinent to this appeal:
 {¶ 3} On July 9, 1996, the Licking County Municipal Court entered judgment in favor of Appellant, Credit Acceptance Corp. and against Appellees, Jeffrey and Stephanie Duncan, in the amount of $3,294.47 plus interests and costs. The judgment was not executed. On July 27, 2005, Credit Acceptance Corp. filed a motion to revive the judgment.
 {¶ 4} On July 29, 2005, the court granted a conditional order of revivor, informing Appellees, Jeffrey and Stephanie Duncan, that within three days of service, they were required to file an answer and show sufficient cause why the judgment should not be revived. The Appellees failed to answer or otherwise plead and show cause why the judgment should not be revived. On September 7, 2005, the court found that Appellees had been duly served with notice, had failed to answer and show cause, and accordingly granted Appellant's motion to revive the judgment.
 {¶ 5} On October 12, 2005, Appellant, Credit Acceptance Corp. filed a wage garnishment proceeding to attach the wages of Appellee, Stephanie Duncan.
 {¶ 6} On March 20, 2006, pursuant to R.C. § 2716.06, the court held a garnishment hearing. Due to a scheduling conflict, Appellant's, Credit Acceptance Corp., by and through counsel, filed a waiver of appearance.
 {¶ 7} After the garnishment hearing, on March 22, 2006, the court by judgment entry sua sponte vacated the September 7, 2005, judgment entry of revivor. In the entry the trial court states as follows:
 {¶ 8} "Neither Plaintiff nor Plaintiff's counsel appeared. During the course of the hearing it became apparent to the Court that Plaintiff did not receive a valid service on its Motion to Revive Judgment, filed on July 27, 2005. Because service was not valid, Defendant's were denied an opportunity to show cause why the judgment should not be revived." In addition the court ordered that any money held pursuant to the attempted garnishment be returned to the Defendant and scheduled an evidentiary hearing on Credit Acceptance Corp.'s Motion to revive dormant judgment. It is from this order that Appellant now seeks to appeal.
 {¶ 9} Appellant timely filed a notice of appeal and set forth the following assignments of error for the Court's consideration:
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE TRIAL COURT EXCEEDED ITS JURISDICTION BY VACATING AN ENTRY OF REVIVOR OF DORMANT JUDGMENT AT A GARNISHMENT HEARING HELD PURSUANT TO O.R.C. § 2716.06.
 {¶ 11} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY IMPROPERLY VACATING A GARNISHMENT OF A LIQUIDATED AMOUNT TAKEN PURSUANT TO O.R.C. § 2716.03."
 I., II. {¶ 12} We shall deal with Appellant's assignments of error simultaneously. In his first and second assignments of error, Appellant argues that the trial court, exceeded its jurisdiction, as set forth in Ohio Revised Code Section 2716.06 and 2716.03, when the court vacated the revivor of judgment and ordered garnished funds to be returned.
 {¶ 13} The threshold issue in this case is whether the court had jurisdiction to vacate the prior order of revivor in a subsequent garnishment proceeding. For the reasons that follow we find that the trial court lacked jurisdiction.
 {¶ 14} Subject matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action. Morrison v. Steiner
(1972), 32 Ohio St.2d 86, 290 N.E. 2d 841, paragraph one of syllabus. This Court has the inherent authority to render void any order issued by the trial court without proper jurisdiction. See State v. Lomax, 96 Ohio St.3d 318, 774 N.E.2d 249, 2002-Ohio 4453.
 {¶ 15} "[W]here jurisdiction of the subject-matter exists, but a statute has prescribed the mode and particular limits within which it may be exercised, a court must exercise jurisdiction in accordance with the statutory requirements; otherwise, although the proceedings are within the general subject-matter jurisdiction of the court, any judgment rendered is void because the statutory conditions for the exercise of jurisdiction have not been met." Summit County Board of Healthv. Pearson, Summit App. No. 22194, 2005-Ohio-2964, citing,State ex rel. Parsons v. Bushong (1945), 92 Ohio App. 101,109 N.E. 2d 692, paragraph three of the syllabus, and citing generally, Article IV, Ohio Constitution. We must therefore look to the garnishment statute for the trial court's jurisdictional limits.
 {¶ 16} Revised Code § 2716.06(C) provides: "The Judgment debtor may receive a hearing in accordance with this division by delivering a written request for a hearing to the clerk of the court within five business days after receipt of the notice provided pursuant to division (A) of this section. * * * The hearing shall be limited to a consideration of the amount of the personal earnings of the judgment debtor, if any, that can be used in satisfaction of the debt owed by the judgment debtor to the judgment creditor." "No objections to the judgment itself will be heard or considered at the hearing" R.C. § 2716.06(A).
 {¶ 17} The garnishment hearing contemplated by the statute is not a vehicle for re-litigating the lawsuit which resulted in the original judgment. The statute sets forth the limits within which the trial court has authority to act, Specifically, R.C. §2716.06, "merely gives the trial court jurisdiction to determine the amount of wages . . . if any . . . that can be used to satisfy all or part of the debt . . .". Schumacher v. Stacey,
(May 8, 1985), Summit App. No. 11936, unreported.
 {¶ 18} In this case there is no transcript of hearing for this court to consider and it is not clear what prompted the trial court to vacate the revivor judgment. However, it would appear that Appellees presented evidence at the garnishment hearing that convinced the court that they had not been properly served with a copy of the temporary order of revivor of judgment and therefore the trial court reasoned, had not been given an opportunity to show cause as to why the judgment should not be revived. However, the revivor action was a separate proceeding requiring a separate action to vacate judgment. Therefore the order to vacate is beyond the scope of the jurisdiction granted to the trial court in garnishment hearings pursuant to R.C. §2716.06.
 {¶ 19} An order issued without jurisdiction is a nullity; that is, void without legal effect. Patton v. Diemer (1988),35 Ohio St. 3d 68, 518 N.E.2d 941, paragraph three of syllabus;Chapman v. Miller (1984), 52 Ohio St. 166, 39 N.E.24, syllabus. Therefore, the order to vacate the revivor judgment is a nullity and similarly the order vacating the limited garnishments is a nullity. For this reason, Appellant's first and second assignments of error are well taken and are hereby sustained.
 {¶ 20} Accordingly, the judgment of the Licking County Municipal Court is hereby vacated and the cause is reversed and remanded for further proceedings consistent with the law and this opinion.
By: Boggins, J. Gwin, P.J. and Hoffman, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is vacated and this cause is reversed and remanded for further proceedings consistent with the law and this opinion.
Costs assessed to Appellees.